## WILLIAM H. TALLMAN, Appellant.

*vs.*

## GEORGE B. ELY, Respondent.

MOTION FOR RE-HEARING.

When this court has reversed the judgment of the court below, on one point, and upon which it is conceded on the motion for re-hearing the judgment, must still stand reversed, it will not on such motion re-open its judgment, merely for the purpose of examining other questions raised and discussed on the hearing of the case, in order to determine the correctness of its decision on those questions.

This was a motion for a rehearing of the case, made by the respondent Ely. The facts will be found fully stated in 6 Wis., 244. Where it was decided by the court, Cole, J., writing the opinion; " That the grantee of the mortgagor, could not maintain an action of ejectment against the assignee of the mortgagee who is lawfully in possession of the mortgaged premises after condition broken." In other words that Ely, who derived his title sucessively from James G. Alden, Ebenezer Alden, Eliza M. Hall, and John F. Rague, could not maintain an action of ejectment against Tallman, who had possession of the same lands, *firstly*, by purchase under a sale upon a decree of foreclosure of a mortgage executed by James G. Alden, while he held the title, to Charles G. Fitch, the title at the time of the making the decree being in Rague, who appeared in the suit, and which sale had been confirmed ; and *secondly*, by an assignment from Fitch of the decree of foreclosure ; and of the note and mortgage of Alden on which the decree was founded. That judgment having been given against Tallman, he appealed to this court, and the judgment was reversed for the above reason. To change that ruling this motion was made.

Tallman vs. Ely.

*George B. Ely*, in person, for the motion.

The question whether under our statute a mortgagor could maintain ejectment against the mortgagee or his assigns, I do not propose to discuss. That is a question of statutory construction twice settled by this court, in accordance with the authorities, though it appears to be against the policy of the laws. Because of the decision of the court on that question, and the over-ruling of *Watson vs. Spencer*, in 20 Wendall, it follows of necesssity that the verdict below must be set aside, and a *venire de novo* awarded." Yet he insists on a re-hearing on the ground of irregularities in the decree of foreclosure, all of which are omitted.

*J. A. Sleeper*, for the appellant, opposed the motion.


*By the Court*, COLE, J. The motion for a rehearing in this case must be denied. The proposition that a mortgagor cannot maintain an action of ejectment against a mortgagee lawfully in possession after condition broken is not controverted by the counsel who supports this motion ; and an affirmation of that proposition necessarily involves, under the facts and circumstances of this case, a reversal of the judgment of the circuit court, and a new trial. Quite a number of other questions were raised, and discussed by the counsel in the first argument of the case, and were passed upon in the opinion reported in 6 Wis., 244, and it has been contended upon the argument of this motion that those questions were improperly and erroneously decided. But whether this were so or not, it becomes quite immaterial now to inquire, since it is manifest for the reason already suggested, the motion must be denied. It not being necessary therefore to the disposition of this motion to enter upon a re-examination of these questions, we shall not do so either for the purpose of qualifying the opinion already given or of affirming it.

Motion for a rehearing is denied with costs.