January Term, 1861.

ELY
v.
TALLMAN.

---

## ELY vs. TALLMAN.

Where the record of an action shows that a specific mode was adopted to acquire jurisdiction over the person of one of the defendants, which mode was insufficient to confer jurisdiction over him, it will not be presumed that any other mode of service was resorted to, or that jurisdiction was acquired in any other way, unless there is something further in the record on which to base such presumption.

But where there is a subsequent entry showing the appearance of an attorney for some of the defendants, which appearance may have been for the defendant not served, it will be presumed in favor of the judgment of a superior court, drawn collaterally in question, that such appearance was for the defendant over whom it was yet necessary for the court to get jurisdiction in order to authorize its judgment.

The refusal of an instruction not warranted by the evidence, cannot be assigned for error.

ERROR to the Circuit Court for *Rock* County.

Ejectment. The case was once before in this court, and is reported, 6 Wis., 244. The plaintiff claimed under one Rague, who deduced his title through one Alden. The defendant claimed title through a sale of the land upon a foreclosure of a mortgage which was executed by Alden, while he owned the land, to one Fitch. The case turned in this court upon the question, whether Rague had been made a *party* to the action for the foreclosure of the mortgage, so that the decree and sale would cut off his title.

The action for foreclosure was commenced by Fitch in the

Rock circuit court, May 30th, 1851, and the bill alleged that
Rague (against whom, as one of the defendants, a subpœna
was prayed) resided in the city of Milwaukee. The subpœ-
na in the case was issued to the sheriff of Rock county, who
returned it June 12th, 1851, "served" as to Alden, the
mortgagor, and wife, and "not found" as to Rague and sev-
eral other defendants. Steps were thereupon taken to bring
Rague and the other defendants not served, into court by
publication, as in the case of non-resident defendants; and
on the 7th of April, 1852, the usual order *pro confesso* was
entered against Rague and the other defendants against
whom publication had been made; which order recited that
no appearance, plea, answer or demurrer to said bill had been
made, filed or served by either of said defendants. The or-
der of publication, and the order *pro confesso*, may be found
recited at length in 6 Wis., 245-6. But the order of publi-
cation, though made July 7th, 1851, was not filed or entered
upon the order book of the clerk until the 7th of April,
1852, and there was the following indorsement upon it:
"Motion to file *nunc pro tunc* denied, and the defendant's
solicitor consented to the entry of the order in open court,
and thereupon said order is entered by consent, April 7th,
1852." "Filed April 7th, 1852." The bill had been taken
as confessed against the mortgagor and wife, September 22d,
1851. On the 2d of October, 1852, a decree of foreclosure
and sale was entered, which commences with the following
recital: "This cause came on to be heard upon the bill of
complaint taken as confessed against all the defendants in
this cause, and was argued by counsel, and thereupon it was
decreed, &c."

Under this decree the land in dispute was sold to W. M.
Tallman, under whom the defendant, *W. H. Tallman*, claims,
and the sale was confirmed. The plaintiff, *Ely*, objected to
the reading in evidence of the record of the foreclosure suit,
but the objection was overruled. The defendant produced
also the journal of the Rock circuit court for the March
term, 1852, and read in evidence the following entry of pro-
ceedings had therein on the 15th of March: "Charles D.
Fitch vs. James G. Alden et al. Foreclosure. Motion for

January Term, leave to file an order of publication *nunc pro tunc*. On hear-
1861.        ing Tallman for and Niel against said motion, the court took

ELY          time to consider its opinion;" and the following entry of the
v.
TALLMAN.     7th of April, 1852 : "Charles D. Fitch vs. James D. Alden
et al. In chancery. Motion for leave to file and enter order
of publication *nunc pro tunc*. On hearing Tallman for said
motion and Niel against the same, ordered that said motion
be denied." The defendant also called as a witness W. M.
Tallman, who testified that he was one of the solicitors of
Fitch in the foreclosure suit; that Taylor & Niel, who were
attorneys at law and partners, appeared for Rague on the 7th
of April, 1852, and opposed the motion to file the order of
publication *nunc pro tunc*, and the motion was denied; that
Niel then consulted Taylor and stated to the court that they
had consented that if witness would not take the decree till
the fall term, witness could file the order of publication;
that the memorandum indorsed on the order of publication
is in the witness's handwriting; and that when the decree
was taken, Niel & Taylor were both in court and consented
to the decree. To the introduction of this oral evidence, and
to the reading of the entries from the journal, *Ely* objected
and excepted. Verdict and judgment for the defendant.

   *George B. Ely*, plaintiff in error, in person, contended that
the circuit court erred in admitting parol evidence of the ap-
pearance of Rague by counsel in the foreclosure suit, such
appearance not being shown by the record, citing 1 Phillips'
Ev. (6th Am. Ed.), 425 ; *Sayles vs. Briggs*, 4 Met., 421 ;
*Kendall vs. Powers*, id., 553 ; *Noyes vs. Butler*, 6 Barb. (S.
C.), 613 ; *Wilson vs. Greathouse*, 1 Scam., 174; *Lyle vs. Brad-
ford*, 7 Mon., 114; *Lessee of James vs. Stookey*, 1 Wash. C. C.
R., 330 ; *Young vs. Thompson*, 14 Ill., 380 ; *Barker vs. Mc-
Clure*, 2 Blackf., 14; *Manny vs. Harris*, 2 Johns., 24; *Shel-
don vs. Frink*, 12 Pick., 568 ; *Taylor vs. Henry*, 2 id., 402 ;
*Brush vs. Taggart*, 7 Johns., 19 ; *Foster vs. Trull*, 12 id.,
456 ; *Jenner vs. Joliffe*, 6 id., 9 ; *Sherman vs. Talman*, 2 Root,
140 ; 2 Fairf., 247 ; 3 N. H., 309 ; 9 Conn., 476 ; 3 Ham.,
271; 4 Greenl., 44. 2. That when the record of a court of
general jurisdiction is brought in question collaterally, ju-
risdiction of a defendant against whom a decree is entered

*pro confesso*, will not be presumed. The jurisdiction of such January Term, a court over the subject matter will be presumed, but its jurisdiction of the person must affirmatively appear, and in such a case can appear only by the return to the summons or subpœna, showing due service thereof, where the party is entitled to such service. *Denning vs. Corwin*, 11 Wend., 647; Opinion of BRONSON, J., in *Hart vs. Seixas*, 21 Wend., 40; *Harris vs. Hardeman*, 14 How. (U. S.), 338; 2 Tidd's Pr., 678, 927; *Bliss vs. Wilson*, 4 Blackf., 169; 2 id., 11, n. 2; 4 id., 2; 5 id., 30; 6 id., 331; *Nadenbush vs. Lane*, 4 Randolph (Va.), 413; *Prentiss vs. Mellen*, 1 Sm. & M., 521; 14 id., 77; 3 Leigh, 270; 6 How. (Miss.), 43; 5 id., 295; 1 Scam., 127, 174, 239; 13 Ohio, 219; 16 id., 271. 3. The entries on the journal of the court, on the motion to file the order of publication *nunc pro tunc*, do not show an appearance for Rague. *Moss vs. Moss*, 4 Hen. & Mun., 293. It must be taken to have been only for the defendants who were served. 1 Scam., 45; 14 Sm. & M., 77; *Violet vs. Waters*, 1 J. J. Marsh., 303; *Harris vs. Hardeman*, 14 How. (U. S.), 336; 3 Zab. (N. J.), 113; 7 Mon., 114; 6 id., 205; 16 Ohio, 271; 6 Pick., 233, 245; 2 Bibb, 388; 4 id., 415; 5 Humph., 386; 1 Ark., 497; 2 id., 1; 6 How. (Miss.), 43; 4 B. Mon., 568; 4 Wis., 806; 9 id., 328. And the appearance, in whosesoever behalf made, was in effect for the purpose of objecting to the jurisdiction, and therefore did not confer jurisdiction. The order taking the bill as confessed, which was filed on the same day, recites that "no *appearance*, plea, &c., to said bill had been made by or on the part of either of said defendants" (i. e., Rague and others not residents of Rock county.) The decree relates back to this order and recites that "the cause came on to be heard upon the bill taken as confessed against all the defendants."

*J. A. Sleeper*, for the defendant in error:

Parol evidence was admissible to show an actual appearance by Rague in the foreclosure suit. *Brewer vs. Holmes*, 1 Met., 288; *Noyes vs. Butler*, 6 Barb., 613; *Hart vs. Seixas*, 21 Wend., 40; *Foot vs. Stevens*, 17 id., 483; *Watson vs. Spence*, 20 id., 260; *Vorhees vs. Bank of U. S.*, 10 Peters, 449; *Grignon's Lessee vs. Astor*, 2 How. (U. S.), 319; *Pea-*

ELY
v.
TALLMAN.

*cock vs. Bell*, 1 Saunders, 72; *Brown vs. Wood*, 17 Mass., 68; R. S., 1849, chap. 84, sec. 18.    2. There is nothing in the record of that suit to show that service was not made upon Rague; and it is to be *presumed* that the circuit court had acquired jurisdiction in some way over all the defendants before it proceeded to a final decree against them all, when the record does not clearly show the contrary.    *Voorhees vs. Bank of U. S., supra*; *Falkner vs. Guild*, 10 Wis., 563; *Tallman vs. McCarty*, 11 id., 401.    3. The record shows that there was an appearance by a solicitor for the defendants in that suit, and this must be deemed an appearance for them all, unless the record shows that it was only for a part.    *Henderson vs. Hamer*, 5 How. (Miss.), 525; *Jones vs. Hunter*, 4 id., 342; *Young vs. Rankin*, id., 27; *McCullough vs. Guetner*, 1 Bin., 214; *Hills vs. Ross*, 3 Dall., 331.

May 15.        *By the Court*, PAINE, J.    This case has once been before this court, and is reported in 6 Wis., 244.    After the decision there made, a motion for rehearing was argued, and overruled for the reason that it was conceded that the decision was correct upon one ground, and therefore the court would not re-examine the others, either to "qualify or affirm" its previous opinion.    8 Wis., 218.    Since then there has been another trial, in which the defendant had a verdict and judgment, which is now brought here by a writ of error.

The principal question in the case is as to the admissibility and effect of the record of the foreclosure suit, under the sale in which the defendant claimed title.    The plaintiff had acquired the title of Rague, if he had any; and he had, unless it was cut off by the foreclosure suit.    This depends upon the question whether it sufficiently appears, or is to be presumed, that the court had jurisdiction over his person.

Upon this question we deem it unnecessary to discuss at length the various positions taken by counsel.    We have very fully considered the subject in the cases of *Rape vs. Heaton*, 9 Wis., 328, and *Falkner vs. Guild* [10 Wis., 563], and some other cases recently decided.    And we think it follows from the principles we there sustained, that where the record discloses a particular mode adopted to acquire

jurisdiction over the person of a defendant, if that is insuf- <span>January Term, 1861.</span>
ficient to confer jurisdiction, it will not be presumed that any
other mode was adopted, or that jurisdiction was acquired <span>ELY v. TALLMAN.</span>
in any other way, unless there is something further in the
record on which to base such presumption. It may be con-
ceded that where the record is silent as to the mode of acquir-
ing jurisdiction, it will be presumed. But where the record
shows the mode resorted to, we know of nothing, either in
authority or reason, that will warrant the presumption that
another mode was resorted to. That would be presuming
against the plain implication of the record. If, therefore,
the record offered in this case showed nothing further on this
point than the mode in which it was attempted to serve
Rague with process, we think it would appear affirmatively
that no jurisdiction was acquired over him. The complaint
averred that he resided in Milwaukee county, yet the record
shows that he was served only by publication in Rock coun-
ty, upon the return of the subpœna by the sheriff of that
county "not found" as to him, without any process being
sent to Milwaukee county, where he resided. There was no
authority to serve the process on him by publication in that
way. And if that were all that appeared on the record we
might be compelled to hold that his right of redemption
was not cut off, and that it now belongs to the plaintiff.

But it is undoubtedly true that reasonable presumptions
are to be indulged in, not contradictory to the record, to
sustain the judgments of superior courts. And although
legal service of process was not made on a defendant, yet if
there is anything in the record fairly warranting the pre-
sumption that he appeared and thus conferred jurisdiction
over his person, then this presumption should be indulged
in, until the contrary is shown. We think there was some-
thing of this kind in this record. The entries in the journal
by the clerk, which were offered in evidence, show that an
attorney appeared in behalf of some of the defendants and
opposed the motion for leave to file the order of publication
nunc pro tunc. For aught that appears on the record, this
attorney may as well have appeared for the defendant Rague
as for any other defendant. And where the record shows

VOL. XIV—3

a mode of service not sufficient to confer jurisdiction over a part of the defendants, yet afterwards shows an appearance for some of the defendants, which may have been for them, it will be presumed in favor of the action of a superior court, where it is brought collaterally in question, in the absence of anything to the contrary, that the appearance was for those defendants as to whom it was yet necessary for the court to acquire jurisdiction in order to authorize the judgment. We think this is going no farther than reason, and not so far as many of the authorities would warrant.

Having come to this conclusion, it becomes unnecessary for us to pass upon the question whether the parol evidence offered in support of the record, to show that Rague did appear by attorney, was properly admitted or not. This court in its first decision, before alluded to, held it admissible. But the grounds for its decision on the motion for a re-hearing would seem to indicate that the questions not passed upon in deciding that motion were intended to be in some measure left open. But it is unnecessary for us to re-examine them here; for as we have come to the conclusion that in view of the entries on the record itself the presumption was that the attorney appearing against the motion appeared for Rague, it follows that the record was sufficient on its face to sustain itself, and that no parol evidence to show that Rague appeared was necessary, until the plaintiff had first offered evidence that he did not appear. We shall therefore not pass upon its admissibility, and shall remark upon it no further than to say that it fully illustrates the reasonableness of the presumption on which we have based our decision. For notwithstanding there was no legal service of process on Rague, this evidence shows that he did appear by attorney, and thus fully submitted himself to the jurisdiction of the court.

The attorney for the plaintiff requested the court to instruct the jury "that if they found that Rague was not served with process, and that there was no appearance for him in fact, they should find for the plaintiff." This, as applicable to the question of jurisdiction, we think is a correct proposition of law, and should have been given to the

jury if there was evidence warranting the court in submit- <span>January Term, 1861.</span>
ting it to them. But there was not. The presumption from
the entries in the record was, that Rague appeared. The <span>BLISS v. WEIL.</span>
plaintiff offered no evidence to show that he did not appear.
And even though the jury disbelieved the parol evidence
that he did appear, that would have left the case with the
presumption, and there was nothing upon which the jury
would have been authorized to find that he did not appear.
The instruction, therefore, was not warranted by the evi-
dence.

The decision of these questions necessarily disposes of the
case, and it is unnecessary to say anything upon other points
discussed.

The judgment is affirmed, with costs.