R—— vs. R——.

20  331
101  550

*Vacating judgment of divorce.*

1. There is nothing in our statutes to prevent a court from vacating a judgment of divorce from the bond of matrimony, *at the same term*, for cause shown.
2. Whether, where jurisdiction of the defendant's person has been acquired, such a judgment may be vacated *at a subsequent term*, either by virtue of the court's inherent power over its own judgments, or under sec. 38, chap. 125 R. S. (where the application is made under that section), or whether this is prohibited by sec. 10, chap. 124, R. S., is not here decided.

R——— vs. R———.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action for divorce from the bond of matrimony, for alleged adultery of the wife; and the defendant being, at the time of its commencement, resident at Cassel, Germany, the summons was served in July, 1865, by publication and by mailing a copy to her at that place. There being no answer or appearance on her part, and evidence having been taken and reported by a referee, the court rendered a judgment of divorce, as prayed for, on the 30th of September, 1865. An important part of the evidence relied upon was a letter, purporting to have been written by the defendant to the plaintiff from Cassel, June 25th, 1865, containing confessions as to the adulterous acts charged. The plaintiff and another witness testified to the handwriting, &c., and the latter gave an English translation of the letter. The German original was abstracted from the files of the circuit court at some time after the judgment was rendered; by whom, does not appear. Afterwards, during the same term, on certain affidavits of friends and relatives of the defendant, and of F. C. Winkler, Esq., who appeared as her attorney, plaintiff was ordered to show cause why the judgment should not be vacated, and defendant be permitted to answer. The affidavits tended to show that the defendant was not aware of the commencement of the action in time to answer or appear before judgment; and that the letter above mentioned was a forgery. On the hearing, the court vacated the judgment, and permitted the defendant to answer; and from this order the defendant appealed.

*Austin, Pereles & Johnson*, for appellant, contended that sec. 38, chap. 125, R. S., is a general provision for ordinary civil causes, and cannot fairly be applied to special cases otherwise provided for by other statutes; nor to cases in which the vacating of a judgment would be contrary to the general policy of our laws. 2. From sec. 10, chap. 124, and from chap. 111, R. S., they argued that the policy of our statute was to make a decree of divorce, once pronounced, however unjust, final, and

R—— vs. R—— .

not permit it to be set aside. 3. They argued, that the application here was not under sec. 38, chap. 125, there being no evidence of mistake, inadvertence, surprise or excusable neglect, but was clearly under sec. 10, ch. 124, that being the provision which relates to cases of service of summons by publication and mailing, and the attempt in this case being to show that defendant had not received the summons. But that section expressly excepts actions for divorce. 4. They argued that the affidavits on which the motion was granted, were entirely insufficient to raise a reasonable doubt as to the correctness of the evidence on which the judgment was founded; and that the motion should have been denied because it was not made by authority of the defendant herself, nor with any evidence that when she should be heard from, she would desire to defend.

*Fred. C. Winkler*, for respondent, to the point that, aside from statutory provisions, the court has complete control over its own judgments rendered at the same term, cited *Carley v. Carley*, 7 Gray, 545; *Parish v. Parish*, 9 Ohio St., 534; *Doss v. Tyack*, 14 How. (U. S.), 297; *Robinson v. Comm'rs*, 12 Md., 132; *Rutherford v. Pope*, 15 id., 579; 22 Ill., 203; *Obenchain v. Comegys*, 15 Ind., 496. See also *Allen v. Maclellan*, 12 Pa. St., 328; *Hoffman v. Hoffman*, 30 Pa. St., 417; *Smith v. Smith*, 20 Mo., 166; *Mansfield v. Mansfield*, 26 id., 163; *Smith v. Smith*, 4 C. Greene (Iowa), 266; *McQuigg v. McQuigg*, 13 Ind., 294; Bishop on Marriage and Divorce, §§ 697, 699, 706, and as to the English rule, § 694 et seq. The two provisions of our statutes, sec. 38, ch. 125, and sec. 10, ch. 124, are both borrowed from the N. Y. code, and the courts of that state, both before and since the code, have exercised the most ample powers over judgments of divorce. *Hoffmire v. Hoffmire*, 3 Edw., 173; *S. C.*, 7 Paige, 60; *Colvin v. Colvin*, 2 Paige, 385; *Dunn v. Dunn*, 4 Paige, 425; *E. B. v. E. C. B.*, 28 Barb., 299. Counsel also argued that there was nothing in sec. 10, ch. 124, which would prevent the court from vacating a judgment of divorce, even after the term, under sec. 38, chap. 125.

R——— vs. R———.

COLE, J. In the case of *Wetherbee v. Wetherbee*, decided at this term, it was held that a judgment of divorce might be set aside on motion at a subsequent term, on the application of the defendant. It appeared, however, in that case, that the service of process was void, and that consequently the court never acquired jurisdiction of the person of the defendant. Whether, if jurisdiction had been acquired of the person of the defendant by proper service of process, it would have been competent for the court at a subsequent term to set aside a judgment of divorce for cause shown, either by virtue of its inherent powers over its judgments, or under section 38, chap. 125, R. S. (when the application is made under that provision of law), was a point not decided. It is contended that it is the policy of our laws that judgments of divorce from the bonds of matrimony should not be set aside, but should stand from the moment they are pronounced; and this argument is based upon certain supposed consequences which would follow in case of a second marriage, and issue born, if the practice of vacating such judgments should obtain. And it is likewise insisted that this view derives great force from the language used in the latter clause of section 10, chap. 124, which provides that when the summons is not personally served on the defendant, nor received by such defendant through the postoffice in the cases provided for in that section, "he or his representative shall, on application and sufficient cause shown, at any time before judgment, be allowed to defend the action; and *except in actions for divorce*, the defendant or his representative may, in like manner, upon good cause shown, be allowed to defend after judgment, at any time within one year after notice thereof, and within three years after its rendition, on such terms as shall be just, *except in actions for divorce*." Now what effect should be given to this language, or whether it restricts or prohibits courts in divorce cases from exercising the power granted in section 38, chap. 125, is a point not necessary now to be settled. For we are well satisfied that by it the legislature did

not intend even in divorce suits to interfere with or take away that power and control which courts have heretofore exercised over their judgments rendered at the same term. We suppose it to be a well settled principle that courts of record have full power to amend, correct or vacate judgments during the term at which they were rendered, upon proper application made for that purpose; and that until the close of the term such judgments are within the control of the court. In this case the application to set aside the judgment of divorce from the bonds of matrimony was made at the same term the judgment was rendered. The application therefore came fully within the principles above referred to. And the matter stated in the affidavits in support of the motion to vacate the judgment presented a fit case for the exercise of this power on the part of the court.

*By the Court.*—The order of the circuit court vacating the judgment is affirmed.