## WHITMAN vs. LAKE.

(1) *Money advanced by A. at B.'s request, to purchase land, in A.'s name, for B.'s benefit.* (2) *Statute of Frauds.*—(3) *Insanity, evidence of; when admissible to avoid contract.*

<div style="float:right">

32 | 189
88 | 285

</div>

1. Where A. paid a third party part of the purchase price of land, at the request of B. and upon his promise to repay the same, he can recover from B. the amount so paid, even though, by the oral agreement of the parties, the title, on full payment being made, was to be taken in A.'s name for the benefit of B.
2. A.'s right to recover as for moneys paid to the use of B. at his request, is not affected, in such a case, by the statute of frauds.
3. Evidence that the defendant was *insane* when he made the contract sued upon, is inadmissible unless that defense was set up in the answer.

APPEAL from the Circuit Court for *Outagamie* County.

*Whitman* sued *Lake* for money paid at his request, the complaint alleging that the plaintiff, as trustee of the defendant and at his request, paid Hudd & Wigman the sum of $100 as a part of the purchase money of certain land, to which they held a title adverse to defendant's claims thereon, and that defendant agreed to refund the money to plaintiff in a short time, or on demand thereof, but that he had refused so to do. Answer, a general denial. The evidence and the instructions are sufficiently stated in the opinion, except the second and third in-

structions asked by defendant, which were as follows: (2.) " If the jury believe from the evidence that the plaintiff and the defendant verbally agreed that the plaintiff should enter into a contract with Hudd & Wigman for the purchase of the land in his own name, and that the plaintiff should give time to the defendant to buy the land of him or pay for the same; and that in compliance therewith the plaintiff did enter into the contract between him and Hudd & Wigman for the purchase by the plaintiff of the land, and paid the $100 therefor — still the defendant is entitled to recover, because the agreement between the plaintiff and defendant, being verbal, is void under the statute of frauds, and the plaintiff can recover nothing paid by him to Hudd & Wigman thereon." (3.) "If the jury believe that the plaintiff paid Hudd & Wigman $100 for the land, and took the receipt and contract therefor offered in evidence, and that the deed mentioned in the receipt came from Hudd & Wigman to the plaintiff, defendant is entitled to recover ; because if the agreement between the plaintiff and the defendant was, that the plaintiff was to purchase the land for *Lake* and in his name, the plaintiff did not fulfill his part of the contract with the defendant, in taking a contract for a deed running to himself ; and if the verbal agreement was that the plaintiff should purchase the land in his own name, and give *Lake* a chance to purchase it of him, or pay for it, the contract was void under the statute of frauds." These instructions were both refused by the court. Verdict for plaintiff.

Upon a motion for a new trial, the court, ELLIS, J., filed a written opinion, holding that the complaint showed the action to be substantially for money paid to defendant's use, the transaction being in many respects similar to a loan; that the allegation that plaintiff paid the money *as trustee* of defendant was unnecessary, and could not change the action, which was not founded upon any trust in lands, and did not involve any controversy respecting any estate or interest in lands; that it was founded solely upon defendant's personal contract, he hav-

ing requested plaintiff to pay money for his use, and promised to repay the amount; that, the contract being verbal, its terms could only be shown by parol evidence; that if plaintiff had taken title in his own name, and if the action were to compel a reconveyance to defendant, perhaps the trust could not have been shown by parol evidence, but that the evidence was offered to prove a personal contract; that what the legal effect of the transaction might be as a trust, was immaterial to the action; that the question of fact to be tried was, whether plaintiff paid the money at defendant's request, for his use and benefit, and upon his promise to repay. In support of these views reference was made to *Abbott v. Draper*, 4 Denio, 51–54; *King v. Brown*, 2 Hill, 487; *Rice v. Peet*, 15 Johns., 503; *Collier v. Coates*, 17 Barb., 471.

The motion for a new trial was accordingly overruled; and defendant appealed.

*Geo. H. Myers*, for appellant, contended that plaintiff's evidence tended to prove a verbal agreement between the parties, by which plaintiff was to purchase in his own name, advancing his own money therefor, a tract of land of Hudd & Wigman, for the benefit of defendant, and the latter was to refund the money so advanced, pay the rest of the purchase price, and have a deed of the land; that in pursuance of this agreement, plaintiff entered into a written contract in his own name with Hudd & Wigman for the purchase of the land, and paid $100 thereon; and that defendant then forbade plaintiff to pay any more on the land for him, and refused to repay what plaintiff had already advanced; and that this contract was within the provisions of the statute of frauds, secs. 6, 7, ch. 106, R. S. He further contended that plaintiff did not hold his interest in the land, under the contract of sale from Hudd & Wigman, in trust for defendant (R. S., ch. 84, sec. 7), and defendant would have had no remedy in law or equity if plaintiff had taken a deed of the land; and that therefore it was error to receive parol proof that plaintiff took the contract for the land for the

benefit of defendant. *Orton v. Knab,* 3 Wis., 576; *Rasdall v. Rasdall,* 9 id., 379; *Reed v. Morrison,* 12 id., 138; *Rogan v. Walker,* 1 id., 527, 591–2; *Whitney v. Gould,* 2 id., 552, 557–8, 596–7. 2. He argued that the court erred in sustaining the objection to plaintiff being asked as to his knowledge of defendant's insanity at the time of making the contract. Under the old practice, insanity might be proven under the general issue. 1 Chitty's Pl., 470, 471. Proof that the party was insane when making the contract establishes the fact that plaintiff had no cause of action; and under a general denial defendant should be allowed to prove anything which would show that the contract was not originally binding.

*Warner & Ryan,* for respondents, to the point that plaintiff was not a competent witness to prove defendant's insanity, and that the evidence was inadmissible because the question of insanity was not put in issue by the pleadings, cited Wharton & Stille's Med. Jur., § 89; 1 Chitty's Pl., 480; 26 Wend., 225, 255; 4 Cow., 207; 8 Bosw., 461; Van Santv. Pl. (2d ed.), 465; Whart. Am. Cr. Law, §§ 45–47.

COLE, J. Counsel on the argument discussed quite fully various questions arising upon the statute of uses and trusts, and the statute of frauds; but, as we understand the case, those statutes have really no application to it. For, as it is so clearly and well stated in the opinion of the learned circuit judge, the action is substantially one to recover money paid by the plaintiff to the defendant's use and at the defendant's request, and is not founded upon any trust in lands; nor does it in any manner involve any question under the statute of frauds. The evidence offered on the part of the plaintiff tended to establish such a cause of action, and that the plaintiff paid Hudd & Wigman $100 on the 8th of May, 1866, on a land purchase for the use and at the request of the defendant, and upon the express promise of the defendant that he would repay the amount thus advanced. The defendant denies that

any such contract was entered into between him and the plaintiff. But, under the instructions of the court, it is very plain that the jury must have found that a contract was entered into substantially as testified to by the plaintiff. In various instructions the jury were told that if the defendant requested the plaintiff to advance the money to purchase the land of Hudd & Wigman, agreeing to repay it in a short time, then the transaction was in the nature of a loan, the money being really the defendant's money when thus paid, and that the contract was valid. And, as applicable to the facts attempted to be established on the part of the defense, the court directed the jury that if they should find from the evidence that the plaintiff purchased of Hudd & Wigman the land mentioned in their receipt, for himself, in order that he might get the land and the pine thereon for himself, but that, after thus contracting for the land, he agreed that the defendant might repurchase it of him, or redeem it, then this agreement with the defendant would be void under the statute of frauds, and that the plaintiff could not recover in the action. There was testimony in the case that the plaintiff and defendant understood and agreed that the plaintiff should advance the money on the purchase, and take the title in his own name for the benefit of the defendant, as the defendant, for certain reasons, did not want the business transacted in his name; and it is said such a transaction would constitute a trust, which, to be valid under our statute, must be in writing. But, as is well remarked by the circuit judge in answer to this objection, if the plaintiff had taken the title to the land in his own name according to such an understanding, and this action were one to compel a reconveyance of the lands to the defendant, then perhaps the trust could not be shown by parol evidence; but this suit is not brought for any such purpose. This action is founded upon a legal obligation of the defendant to pay money advanced at his request and for his use.

Now, whether the parties attempted by the arrangement to

create a trust which was void, is a question not necessary to be considered.   If A. requests B. to pay C. $100 on a purchase of real estate, and promises to repay the money advanced, as between A. and B. the transaction is essentially a loan of money, and does not involve any question under the statute of uses and trusts, or under the statute of frauds.   This seems to us very plain, and this is really the foundation of the plaintiff's action.   It is simply for money paid at the defendant's request, stating an express undertaking on his part to repay it.   The purpose for which the money was paid is immaterial, providing it was for a lawful purpose, and it is immaterial whether the defendant was in the end profited by the payment or not. Payment in compliance with the defendant's request is sufficient to support the action.

These remarks are sufficient to dispose of all exceptions taken to the refusal of the court to give the second and third instructions asked on the part of the defendant, as well as the exceptions taken to the instructions given.

If we are right in respect to the real character of the transaction set forth in the complaint, it is very obvious that it was competent for the plaintiff to prove that he paid the money at defendant's request by parol testimony.   This position would doubtless not be controverted by defendant's counsel.   There is one ruling in regard to the admission of evidence, which perhaps requires a further word of comment.

On his cross examination the plaintiff was asked if he did not know, at the time he carried on the negotiations with the defendant for the purchase of the land mentioned in the evidence, that the defendant was insane.   This was objected to, on the ground that the witness was incompetent to testify as to the insanity of the defendant; and also because the pleading did not put in issue the question of insanity.

The answer was the general denial merely, and we are inclined to hold, if the defendant intended to rely on the defense that he was insane when he entered into the contract with the

plaintiff about advancing money for him, that he should have set this up in his answer. This is in accordance with the spirit of the code; and we think is the better rule upon this subject. See Van Santvoord's Pleadings, p. 465. The evidence excluded was not admissible under the answer.

*By the Court.*—The judgment of the circuit court is affirmed.