SCHEER and wife vs. KEOWN.

PRACTICE: VACATING JUDGMENT: NEW TRIAL. (1) *Judgment cannot be vacated after term.* (2) *Cases excepted from the rule.* (3) *No statute authorizing motion for new trial at special term.* (4) *Sec. 20, ch.* 132, *R. S., construed.* (5) *Practice on moving for new trial at subsequent term.*

EVIDENCE. (6, 7) *Proof of bad character of plaintiff in action for false arrest, not admissible unless pleaded.*

1. Except as authorized by the statute (R. S., ch. 125, sec. 38), the court, in cases tried by it, cannot, upon motion, vacate a judgment after the *term* at which it was entered, for errors in law or fact committed in rendering it, or occurring before it was pronounced. *Ætna Life Ins. Co. v. McCormick,* 20 Wis., 265, and other cases in this court.

2. Per DIXON, C. J. This rule, while it forbids in all cases the vacating of a judgment at a subsequent term for the purpose of *granting a new trial,* does not forbid

(1) The setting aside of an order or judgment *at the same term* at which it was rendered.

(2) The vacation or amendment of a judgment so as to correct errors or mistakes of the clerk or other officer of the court, and make the record conform to the judgment actually pronounced, or the entry such as should have been made when the judgment was rendered.

(3) The vacation, at a subsequent term, of a *void judgment,* or of

judgments entered on *cognovit* or *confession*, over which courts exer cise, on motion, a supervisory, equitable jurisdiction.

(4) An order *vacating* a judgment, directing it to be *satisfied*, or *staying proceedings* upon it, to inquire into *facts occurring after it was rendered*, or after the time when the party could avail himself of them in the action, and which show that such judgment, or a part of it, ought not to be enforced against the party making the application.

3. There is no statute in this state (as in New York) allowing a motion for a new trial to be made at a *special* term after the entry of a judgment on verdict.

4. Section 20, ch. 132, R. S. (Tay. Stats., 1499, § 23), relates only to the making of a case or exceptions "for the purpose of an appeal." *Merwins v. O'Day*, 9 Wis., 156, and other cases in this court.

5. If a party wishes to move at a subsequent term for a new trial on a case or exceptions, the practice in this state seems to be, to obtain a *stay of proceedings* so as to *prevent the entry of judgment* until the motion can be heard and determined.

6. The female plaintiff was arrested under a warrant, upon a charge of larceny preferred by defendant, and was held in jail until produced before a justice. In an action for damages for such arrest and imprisonment as unlawful, the answer being a general denial: *Held*, that it was not error to exclude testimony offered by defendant to show that the reputation of the female plaintiff in her neighborhood, in respect to theft, was bad before the arrest was made.

7. If defendant relied on plaintiff's bad reputation in the particular mentioned as one of the circumstances going to establish a defense by showing that he had reasonable ground to suspect her of the larceny charged, he should have set it up *in his answer.* *B—. v. I—.*, 22 Wis., 372, and *Wilson v. Noonan* (unreported), distinguished from this case.

APPEAL from the Circuit Court for *Washington* County.

This was an action brought by *Ferdinand Scheer* and *Albertine Scheer*, his wife, to recover damages for an alleged false arrest and imprisonment of the plaintiff *Albertine Scheer* by the defendant *Keown*, upon a charge of larceny. The complaint alleged that the defendant, having maliciously procured the arrest of said *Albertine Scheer* and caused her to be taken before a justice of the peace for examination upon a charge of larceny, failed to appear, and had not further prosecuted the complaint. Answer, a general denial. The cause was tried before a jury, who rendered a verdict for the plaintiff on the third Monday in

March, 1873, for $175. Defendant obtained a stay of proceedings for forty days,* and on the 18th day of June, 1873, moved the court on the case made and settled, and exceptions, to set aside the verdict and judgment, and for a new trial. The court denied the motion; from which order defendant appeals. Aside from the questions of practice presented by the foregoing facts, the only question involving the merits of the controversy and passed upon by the court, was as to the admissibility of evidence impeaching the character of the plaintiff *Albertine Scheer.* Upon the trial, one of the defendant's witnesses was asked the following question: "Do you know what her character was in the neighborhood at that time?" (referring to the time of the arrest). Objection taken and sustained. Defendant then offered and proposed to show that her character was bad in the neighborhood, and especially in regard to theft; but an objection to the evidence was sustained. Defendant then offered to prove by the witness that a chain was stolen from him, and that he found it in possession of plaintiffs' family; but this evidence was also ruled out.

*G. W. Foster,* for appellant, contended that a motion for a new trial upon the case and exceptions could be made after judgment. *Tracey v. Altmyer,* 46 N. Y., 598. Our statute limits no time. Tay. Stats., ch. 132, § 20. 2. The evidence as to bad character in respect to theft should have been admitted. It was not objected to on the ground that it was not covered by the answer. The plaintiff having alleged want of probable cause, and the defendant having answered a general denial, plaintiff should have proved want of probable cause. And

---

* In the printed case filed by appellant it is stated that the defendant obtained a stay of proceedings for forty days to " enable defendant to settle a case and move to set aside the verdict, and for a new trial." This is denied in the respondent's printed brief, where it is stated that the order was for a stay of proceedings "for forty days after the entry of judgment," and that no reference was made to defendant's settling a case, or moving to set aside the verdict, and for a new trial. — REP.

whatever plaintiff was obliged to prove under the pleadings, defendant could of course disprove. See *Morris v. Corson*, 7 Cow., 281. The evidence as to bad character was certainly admissible in mitigation of damages. Hilliard on Remedies for Torts, ch. 7, sec. 6.

*Frisby & Weil, contra*, to the point that a motion for a new trial could not be made upon a "case" after the entry of judgment, cited *Ball v. The Syracuse & U. R. Co.*, 6 How. Pr., 198; *Jackson v. Fassitt*, 33 Barb., 645; *Merchant's Bank v. Scott*, 59 Barb., 641. There having been no stay which affected the entry of judgment, it was perfected and entered in due form, before the defendant settled his case or moved for a new trial. To the point that the evidence offered of the plaintiff *Albertine's* bad character in regard to theft was not admissible unless specially pleaded as a defense, counsel cited *Wade v. Chaffee*, 5 American R., 572; *Stoddard v. Onondaga Annual Conference*, 12 Barb., 576; Opinion of ALLEN, J., in *Miller v. Foley*, 28 Barb., 630. "Every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving, in order to make out his case, must be alleged in the answer." *Stoddard v. Onondaga Annual Conference, supra.*

DIXON, C. J. This cause was tried before the court and a jury, and judgment rendered and perfected in favor of the plaintiffs, at the March term of the Washington county circuit court, 1873. After the judgment was so perfected, and at the special June term of the circuit court for that judicial circuit, held in the county of Ozaukee, on the 18th day of June, 1873, the defendant moved, on a case made and settled, for a new trial, which motion was denied; and this is an appeal from the order denying the same. It is objected that the court had no power, after the term at which the judgment was so regularly entered, to set it aside, and therefore that the motion for a new trial was properly denied. We are of that opinion. It is set-

tled by the decisions of this court, almost too numerous to be cited, that, except as authorized by the statute (R. S., ch. 125, sec. 38; 2 Tay. Stats., 1446, § 42), the court, in causes tried by it, can not, upon motion, vacate a judgment *after* the term at which it was entered, for error in law or fact committed in rendering it, or occurring before it was pronounced. *Edwards v. Janesville*, 14 Wis., 26; *Spafford v. Janesville*, 15 id., 474; *Flanders v. Sherman*, 18 id., 575, 593; *Ins. Co. v. McCormick*, 20 id., 265; *Hartshorn v. Railway Co.*, 23 id., 692; *Landon v. Burke*, 33 id., 452. The case in 20 Wis., 265, is a leading one upon this subject; and the rule and its exceptions, or apparent exceptions, are correctly stated on pages 268, 269. The rule does not prohibit the setting aside of an order or judgment at the same term at which it is made or rendered. Such a case is not within the rule. *R—— v. R——*, 20 Wis., 331; *Servatius v. Pichel*, 30 id., 507. It does not include motions for the correction of errors which were not the errors of the judges, but of the clerks or other officers of the court. The judgment may be vacated or amended at a subsequent term so as to correct such errors and mistakes, and to make the record conform to the judgment actually pronounced, or the entry such as should have been made at the time the judgment was rendered. *Hill v. Hoover*, 5 Wis., 386; *Hill v. Railway Co.*, 11 id., 214; *Schmidt v. Gilson*, 14 id., 514; *Wyman v. Buckstaff*, 24 id., 477. Nor does the rule prevent the vacation of a void judgment at a subsequent term (*Carr v. Commercial Bank*, 16 Wis., 50; *S. C.*, 18 id., 255; *Sayles v. Davis*, 20 id., 302; *Weatherbee v. Weatherbee*, id., 499; *Wendell v. Durbin*, 26 id., 391); unless it be the judgment of a court of last resort (*Hungerford v. Cushing*, 8 id., 324; *State v. Waupaca County Bank*, 20 id., 640). And neither does it forbid the setting aside of judgments on *cognovit* or by confession. The courts, on motion, exercise a supervisory equitable jurisdiction over such judgments. *Remington v. Cummings*, 5 Wis., 138; *Dilley v. Van Wie*, 6 id., 209; *Blakie v. Griswold*, 10 id., 293; *Thompson v. Hintgen*, 11 id., 212; *Reid*

*v. Case,* 14 id., 429; *Second Ward Bank v. Upman,* id., 596; *Jones v. Keyes,* 16 id., 562; *Van Steenwyck v. Sackett,* 17 id., 645; *Wadsworth v. Willard,* 22 id., 238. Nor is the court forbidden upon motion to vacate the judgment, order it satisfied, or to stay proceedings upon it, according to circumstances, to inquire into facts occurring after judgment, or before judgment and after the time when the party could avail himself of them in the action, which facts show that the judgment, or some part of it, ought not to be enforced against the person making the application. *Cooley v. Gregory,* 16 Wis., 303; *McDonald v. Falvey,* 18 id., 571; *Smith v. Lockwood, ante,* p. 72. Aside from the foregoing cases, and perhaps some others of a like kind, not embraced in the rule, or which form exceptions to it, we know of no authority for a court to vacate, amend, modify or correct its own judgment after the term at which it was pronounced and recorded. We know of no authority for setting aside a judgment for the purpose of letting in a motion for a new trial made at a subsequent term, and believe it to be strictly incompetent for the court to do so; and if the judgment can not be set aside, it follows as of course that the motion for a new trial must prove unavailing. We are of opinion that the motion in this case was properly denied on this ground, and that the order appealed from should be affirmed.

The practice in New York, as settled by a late decision in the court of appeals, *Tracy v. Altmyer,* 46 N. Y., 598, of allowing a motion for a new trial to be made at special term after the entry of judgment on the verdict, depends, as will be seen by an examination of the case, upon the provisions of a statute of that state specially authorizing it. We have no such statute, or at least none has been brought to the attention of the court; and it is conceded by the court of appeals, as it was indeed formerly held, that no such practice could exist but for the statutory enactment. The statute cited by counsel for the defendant in this action, R. S., ch. 132, sec. 20 (2 Tay. Stats., 1499, § 23), relates only to the making of a case or exceptions

" for the purpose of an appeal," and to obtain a review in the appellate court, as has frequently been decided by this court. *Merwins v. O'Day*, 9 Wis., 156; *Hutchinson v. Eaton*, id., 226; *Dunbar v. Hollinshead*, 10 id., 505, 507; *Stevens v. Campbell*, 13 id., 375; *Cameron v. Sullivan*, 15 id., 510. The practice, as indicated by several cases which have come before this court, and so far as we understand it, has always been, if the party wished to move at a subsequent term on a case or exceptions made or settled, to obtain a stay of proceedings, so as to prevent the entry of judgment until after the motion could be heard and determined.

A few remarks upon another question argued and submitted may possibly save an appeal from the judgment. The defendant offered evidence that the character of the plaintiff *Albertine* was bad in the neighborhood, and especially in regard to theft. It is impossible to believe that a fact of this nature, if it existed, would not have been admissible in evidence on the part of the defendant, as tending, in connection with the other facts and circumstances shown by him, to prove that he had reasonable ground to suspect the plaintiff *Albertine* of the larceny which had been committed. The only difficulty about the admissibility of the evidence was, that the fact was not pleaded. The defendant answered in general denial merely. It was probably on this ground that the court below excluded the testimony; and we think the court was right. The nearest approach to any authority in this court for the admission of such testimony under the general denial, are the cases of *B——— v. I———*, 22 Wis., 372, and *Wilson v. Noonan* (unreported.) The first was an action for slander, and the second for libel. In the first it was held that evidence of the plaintiff's bad character, before the words alleged were uttered, in respect of the particular crime or fault charged, was admissible under the general denial. In the second it was decided that the intent of the defendant, as a conception of his own mind at the time of publication, might be testified to by him without the fact being

specially pleaded in his answer. But it is obvious, from the course of reasoning there pursued and the grounds of decision given, that the doctrine of those cases is not to be extended farther. They rest on their own peculiar circumstances, and furnish no rule for the admission of evidence to facts not within or clearly suggested by the issue joined, nor to external probative facts, or such as indicate themselves to minds of, or may be known by other persons, and which, either alone or coupled with others, go to establish a cause of action or defense. The general rule of pleading as it respects the answer of the defendant is, that every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving in order to make out his case, must be alleged in the answer. The bad character of the plaintiff *Albertine* in the particular named, if relied upon by the defendant as one of the circumstances going to show that he had reasonable ground to suspect her of the theft, and so to establish his defense, was a fact of no inconsiderable materiality and importance, and as such should have been set forth in the answer. It was necessary to allege it in order that the plaintiffs might come prepared to meet and disprove it, if they could. It is the purpose of all pleadings to inform the parties respectively of the facts relied upon, and of which proofs will be adduced on the other side; and that rule is to be preferred which will best promote this purpose and prevent surprise in the proofs offered, or secure to the adverse party the fullest and fairest opportunity of meeting and rebutting them. The plaintiffs might have been taken very greatly by surprise, if the testimony had been received. In *Whitman v. Lake*, 32 Wis., 189, it was held that evidence that the defendant was insane when he made the contract sued upon, was inadmissible, unless the defense was set up in the answer. And in actions like the present the rule of pleading is, that the answer should set forth the grounds of the suspicion, so that the court may judge of them and determine whether they afford reasonable or probable cause or not. *Wade*

*v. Chaffee,* 8 R. I., 224; *S. C.,* 5 Am. R., 572.   This is the rule, and the reason for it, upon demurrer.   The rule, and the reason for it, on trial, are as above stated.

*By the Court.* — Order affirmed.