## QUAW VS. LAMERAUX and others.

VACATING JUDGMENT *at subsequent term.* (1) *The rule stated.* (2) *Case stated: Rule applied.*

VACATING FORECLOSURE SALE *at subsequent term.* (3) *Under what circumstances the sale should be vacated.* (4) *Rule not affected by a sale made by the purchaser pending the motion to vacate.*

1. Except in case of a judgment taken against a party through his mistake, inadvertence, surprise or excusable neglect (R. S., ch. 125, sec. 38), the court has no power, *at a subsequent term,* to set aside a *valid* judgment for error in law or in fact committed by the court in rendering it or before it was pronounced. 14 Wis., 28; 15 id., 475; 20 id., 265.

2. In foreclosure of a mortgage, the circuit court for the proper county, having acquired jurisdiction by personal service of the summons upon one of the heirs of the mortgagor, rendered judgment of foreclosure and sale, in pursuance of which the land was sold, and report of sale made by the sheriff. At a subsequent term, none of the grounds of relief mentioned in the statute (sec. 38, ch. 125, R. S.) being shown, defendants moved to set aside the judgment and the sale and report. *Held,* that the court properly refused to vacate the *judgment,* although there were errors therein which would have been fatal on appeal.

3. The mortgage was of an undivided half of a certain tract of land; and after it was given, the mortgagor and his cotenants made partition of the land, the mortgagor taking the *south half* thereof. At the foreclosure sale, the sheriff was offered for an undivided half of said *south half* of the tract, the whole amount of the debt, etc., for which sale was directed to be made, but refused such bid, and sold the *whole* mortgaged premises. The party by whom such bid was made states (in his affidavit in support of the motion to vacate) that if a resale is ordered, he will bid and pay for said undivided half of the south half of the tract, the whole amount required to satisfy the judgment. *Held,* that the court erred in refusing to set aside *the sale* and report thereof.

4. The fact that the purchaser at the sheriff's sale has conveyed a part of his interest to another party should not prevent the court from vacating the sale; such conveyance having been made *pending the motion* to vacate.

APPEAL from the Circuit Court for *Marathon* County.

Action to foreclose a mortgage. The mortgagor, John Stackhouse, died some time prior to the commencement of the suit, leaving a widow and several children. Personal service of the summons was made upon *Dora Lameraux*, one of the heirs of the mortgagor, but not upon any other defendant; and none of the defendants appeared in the action. Judgment of foreclosure was entered, and the premises sold in pursuance thereof by the sheriff. Before confirmation of the sale, but after the term at which judgment was taken, defendants moved the court to set aside the judgment, sale, report of sale, and all subsequent proceedings, and for leave to file and serve an answer to the complaint. This motion was founded upon the judgment roll, report of sale, and other files in the case, and upon certain affidavits and deeds served with the notice.

The mortgage, as appears from these papers, was upon the undivided one-half of a lot described as lot 2 in section 36, township 29 north, range 7 east, of which partition was afterward made by the mortgagor and his cotenants by mutual deeds of release, the former taking for his portion the south half of said lot, and one Joseph S. Snow the north half.

The affidavits tended to show, among other things, that the sale, which was of the undivided half of the whole lot, was made at a very inadequate price; also, that one Herman Miller had offered the sheriff, at the sale, a sum sufficient to satisfy the judgment and all costs and expenses, for the undivided one-half of the south half of said lot, which bid was refused. Said Miller also makes affidavit that if a resale is ordered he will bid a sum still larger than that offered by him at the sale, for the same interest.

The affidavit of Wm. Kelley, the purchaser at the foreclosure sale, showed that he had, since the confirmation of the sale (which was made during the pendency of the motion to vacate), conveyed away an undivided moiety of the land to some person not named.

The defendants' motion was denied *in toto;* and they appealed.

*E. L. Browne*, for appellants:

1. Miller's bid was equivalent to an offer by defendants to pay the whole mortgage debt without interfering with the rights of other parties interested in the premises, and should have been received. The sale of the whole lot, under the circumstances, was a wanton sacrifice of the interests of such parties and of the defendants. *Babcock v. Perry*, 8 Wis., 283. If the court would refuse to confirm the sale under the circumstances, it should be set aside. *Pierce v. Kneeland*, 9 id., 23. 2. The sale should have been in the inverse order of alienation, so as to protect subsequent purchasers; and the failure to sell in that order was error for which such sale will be set aside. *Worth v. Hill*, 14 Wis., 559; *State v. Throup*, 15 id., 314; *State v. Titus*, 17 id., 241. 3. The judgment was irregular for the reasons, among others, that the plaintiff was not examined upon oath as to payments; nor was any inquiry made as to whether any portion of the premises consisted of a homestead. The record also fails to show that copies of the summons were ever mailed to the nonresident defendants; and they should have been allowed to defend. 4. The sale was for a very inadequate price, and should have been set aside on that ground alone. *Warren v. Foreman*, 19 Wis., 35; *Strong v. Catton*, 1 id., 471.

*G. L. Park*, for respondent, contended that the defendants were not entitled to an order vacating the judgment, they having shown no excuse for their neglect to defend, nor disclosed any defense (R. S., ch. 125; Tay. Stats., p. 1446; 13 Wis., 482); that no substantial rights of defendants had been injuriously affected by the sale, from which, therefore, they could not claim relief (19 Wis., 35); that the circumstances of the sale, after public notice, proved the affidavits as to the value of the premises to be unreliable; and that the vested rights of the purchaser, holding an absolute deed of the premises, and of his grantee as well, should not be disturbed on motion merely, but only by action in which all parties might have their day in court. 5 Cow., 38.

COLE, J.   The motion made in this cause was to set aside the judgment of foreclosure, the sale, and the report of sale made by the sheriff, and that the defendants have leave to file and serve an answer therein.   This motion was made at a term subsequent to that at which the judgment was rendered, and there would therefore seem to be an insuperable difficulty in the way of vacating the judgment, unless the parties brought themselves within the provision of section 38, ch. 125, R. S.   That section authorizes the court to relieve a party within one year after notice thereof, from a judgment, order or other proceeding against him through his mistake, inadvertence, surprise or excusable neglect, upon such terms as may seem just.   But, except under this statute, the court had no power, at a subsequent term, upon motion, to vacate the judgment for error in law or in fact committed in rendering it or occurring before it was pronounced.   This point has been frequently decided by this court, as a reference to the reported cases will show.   *Edwards v. The City of Janesville*, 14 Wis., 28 ; *Spafford v. The City of Janesville*, 15 id., 475 ; *The Ætna Ins. Co. v. McCormick*, 20 id., 265.   This rule of law has its exceptions, however, and does not prevent a court at a subsequent term from setting aside a void judgment ; or from vacating a judgment for errors and irregularities not in the judgment itself, and in a matter upon which the mind of the court did not act.   *The Ætna Ins. Co. v. McCormick, supra.*

In this case the defendants laid no foundation for relief from the judgment on the ground of surprise or excusable neglect. Nor is there ground for saying that the judgment was void for want of jurisdiction, as personal service of process was had upon *Dora Lamereaux*, one of the heirs of the mortgagor, and this was sufficient to sustain the jurisdiction of the court.   It is true, there would seem to be fatal errors in the judgment ; but they are of a character which could only be corrected on appeal.   What those errors are, we are not called upon to point out at the present time ; but it is sufficient to say that they

afford no ground for setting aside the judgment at a subsequent term of the court, upon the authorities above cited.

But the motion to set aside the sale and the sheriff's report of sale, should have been granted. It appears from the affidavit of the witness Herman Miller, that he attended the sale, and offered to bid, and was prepared to pay, for the undivided one-half of the south half of lot two — being a portion of the mortgaged premises, — an amount sufficient to satisfy the judgment, but that the sheriff refused to receive the bid. And he states in the same affidavit that he will bid and pay for the same interest, if offered separately, a sum sufficient to satisfy the judgment.

We are unable to see any excuse or justification for this conduct of the sheriff in refusing the bid for the undivided half of the south half of lot two, and proceeding to sell the undivided half of the entire lot. He does not deny, in the affidavit which he made and which was used in resisting the motion to set aside the sale, that this offer or bid was made by Miller, or that it was sufficient to satisfy the judgment. And he fails to state any reason for refusing that bid. He was obviously required to sell only so much of the mortgaged premises as was sufficient to satisfy the judgment; and when he had raised that amount, his power to sell was exhausted. And there was the most cogent reason why the sheriff should only sell the undivided half of the south half of the lot — if that was sufficient to raise the amount, — instead of selling the undivided half of the entire lot; which was, that by so doing he would protect the interests of Joseph S. Snow, or those claiming under him, in the north half of lot 2. For it appears that the mortgagor and those owning the other moiety of that lot, as early as 1859, had made a partition or division thereof, and that by such partition the south half was set off to the mortgagor. It is true this was after the execution of the mortgage sought to be foreclosed; but the rights of Snow in the north half were entitled to protection. The officer might have fully

protected those rights, had he received the bid of Miller above referred to. As it seems to us, his action in the matter was wholly without authority in law, and quite indefensible.

It appears that the purchaser at the foreclosure sale has conveyed a portion of his interest to another party. But this conveyance was made during the pendency of the motion to set the sale aside.

We think that part of the order refusing to set aside the sale and the sheriff's report of sale and all subsequent proceedings, must be reversed; while that part refusing to vacate the judgment of foreclosure must be affirmed.

*By the Court.* — It is so ordered.