· WHITNEY vs. KARNER, imp.

*Vacating judgment.   New trial.*

1. It is the settled law of this state, that the circuit court cannot set aside its own valid judgment after the term at which it is entered, except to correct clerical errors, or under the provisions of sec. 38, ch. 125, R. S. 1858; and the rule is not affected by the fact that the motion to set aside was made during such term.

2. In case of relief sought under said sec. 38, not only the motion but the order to vacate must be made within the year allowed by the statute.

3. *It seems* that the question whether a *new trial* can be granted where a judgment is set aside after the term under the provisions of said sec. 38, is still an open one in this court, notwithstanding a *dictum* in *Scheer v. Keown*, 34 Wis., 349.

4. A motion for a new trial on the ground that the verdict was contrary to law and the evidence, and for newly discovered evidence, is not an application under said sec. 38.

5. After entry of judgment, a motion to set aside the verdict and grant a new trial should not be entertained unless joined with a motion to vacate the judgment.

APPEAL from the Circuit Court for *Portage* County.

The case is stated in the opinion.

For the appellant, a brief was filed by *E. L. Browne,* with *J. O. Raymond,* of counsel, and there was oral argument by *Mr. Browne.*

*G. W. Cate,* for the respondent, contended, among other things, that when the judgment was entered there was on file an order in the cause settling a " case " with a view to the motion for a new trial; that this order of itself stayed all further proceedings until plaintiff should be guilty of laches in bringing the matter to a hearing; and that it appeared from the record that there was no such laches.

TAYLOR, J. This is an appeal from an order of the circuit court, dated June 30th, 1877, setting aside the verdict of the jury in favor of the defendant *Karner,* vacating the judgment entered on such verdict in his favor, and granting a new trial to the plaintiff.

The record shows that the motion to set aside such verdict and for a new trial was dated August 18th, 1875, and was served August 19th. The record also shows that judgment was entered upon the verdict in favor of defendant *Karner* August 17th, 1875, and notice of entry served August 20th, 1875; and that on the 20th of August, 1875, the defendant's attorney served a written notice upon the attorney for the plaintiff, that he should object to the hearing of the motion, on the ground, amongst others, that judgment had been entered in favor of the defendant before the service of the notice of the motion to set aside the verdict and for a new trial.

Upon this state of the record, without considering the other questions raised and argued upon this appeal, we are of the opinion that the order setting aside the judgment and granting a new trial must be reversed.

This court has so often and so emphatically declared that a circuit court has no power to set aside its own judgment after the term at which it was entered, except where the judgment is void or to correct clerical errors, and except under the provisions of sec. 38, ch. 125, R. S. 1858, that it is no longer an open question in this court. *Edwards v. Janesville*, 14 Wis., 28; *Spafford v. Janesville*, 15 id., 474; *Flanders v. Shuman*, 18 id., 575, 593; *Ætna Ins. Co. v. McCormick*, 20 id., 265; *Hartshorn v. Railway Co.*, 23 id., 692; *Scheer v. Keown*, 34 id., 349; *Quaw v. Lameraux*, 36 id., 626; *Knox v. Clifford*, 41 id., 458; *Hogan v. State*, 36 id., 232.

Whether a judgment can in any case be set aside for the purpose of granting a new trial in an action which has once been tried, after the term at which the judgment was entered, under the provisions of sec. 38, ch. 125, R. S. 1858, it is not necessary to determine in this case; and perhaps the decisions in this court are not entirely in harmony upon that point. In the case of *Scheer v. Keown*, 34 Wis., 349, the late learned Chief Justice DIXON held that under that section the judgment could not be set aside for the purpose of granting a new trial; but in the later case of *Knox v. Clifford*, 41 Wis., 458, it may be inferred from the opinion of Justice COLE that a judgment might be set aside under that section and a new trial granted. In the case of *Scheer v. Keown*, *supra*, it was perhaps unnecessary to determine that question, as the motion in that case was not made under that section, but upon a case made. It may therefore be considered an open question in this court, whether, in a proper case, a new trial may not be granted under said section.

In the case at bar, as in the case of *Scheer v. Keown*, the motion was not under said section 38, and could not therefore

be granted after judgment and after the term at which the judgment was entered. The grounds on which the motion was made were: 1. "That the verdict of the jury was contrary to the law and evidence given on the trial;" and 2. "That the plaintiff had discovered new and material evidence to maintain the issue on his part, since said trial." The motion clearly shows that it was not intended to be made under said section.

The learned circuit judge who heard and decided this motion, seems to have entertained the opinion that the entry of judgment was no objection to entertaining a motion to set aside the verdict and for a new trial upon the merits; and it is quite probable such opinion prevails to some extent amongst the circuit judges and the members of the bar; but it is in direct conflict with the decisions of this court.

In the case of *Hogan v. State, supra,* the present learned chief justice says: "It is certain that at common law, motions for a new trial must be made after verdict and before judgment. It would be no greater absurdity to move for a new trial at common law before verdict, than after judgment." And in the case of *Scheer v. Keown, supra,* Chief Justice DIXON says: "The practice, as indicated by several cases which have come before this court, and so far as we understand, has always been, if the party wishes to move at a subsequent term, on a case or bill of exceptions made or settled, to obtain a stay of proceedings, so as to prevent the entry of judgment until after the motion could be heard and determined."

It would seem to be irregular to entertain a motion to set aside a verdict and for a new trial after judgment entered, at the term at which the same was entered, unless such motion was joined with a motion to vacate the judgment also. And as we have seen, from the cases cited above, that no motion to set aside a judgment after the term at which it was entered can be entertained, except under said section 38, and for the

causes mentioned in said section, it follows that no motion to set aside the verdict can be made after the term at which judgment was entered, unless it be accompanied with a motion to set aside the judgment for some of the causes mentioned in said section.

If the motion in this case could be considered as made under sec. 38, and if a motion to set aside a judgment, and for a new trial, on the ground of newly discovered evidence, can be considered in any case as coming within the provisions of said sec. 38, the motion would have been irregular, not being accompanied with a motion to set aside the judgment; but, waiving such irregularity as not affecting the merits of the motion, yet the order in this case must be reversed because it was not made within one year after the judgment was entered and the plaintiff had notice thereof. Notice of the entry of judgment was served upon the plaintiff as early as August 20th, 1875, and again on September 1st, 1875; and the order granting the relief demanded and setting aside the judgment was not made until June 30th, 1877, nearly two years after. This is too late. It was decided by this court in *Knox v. Clifford, supra,* that, under the provisions of said sec. 38, the motion to set aside the judgment must not only be made within the year, but the same must be brought to a hearing and determination within that time. In that case the court say: "The court is authorized, upon such terms as may be just, *at any time within one year after notice thereof, to relieve a party from a judgment* through his mistake, inadvertence, surprise or excusable neglect. The period within which the discretion is to be exercised is expressly limited to a year after notice of the judgment; and this term cannot be enlarged, or extended, by merely giving notice of the motion to vacate the judgment. The party is required to act, and must bring his motion to a hearing within the year, or the power to relieve under the statute is gone. The provision goes upon the very reasonable assumption that a year affords

an ample opportunity for a party to obtain the relief, if he is diligent."

In every view of the case at bar, whether we consider it a motion to set aside the verdict and for a new trial irrespective of the provisions of sec. 38, ch. 125, R. S. 1858, or as a motion to set aside the judgment under that section, the circuit court had no authority to make the order it did. The order of the circuit court appealed from must therefore be reversed.

*By the Court.* — Order reversed.

RYAN, C. J., took no part.