## MAYNARD ET AL. *v.* BLACK.

PRACTICE.—*Striking Out.*—There is no error in striking out one paragraph of an answer, where the evidence admissible under such paragraph can be introduced under a remaining paragraph of such answer.

PROMISSORY NOTE.—*Payment to Third Person.*—In a suit by the payee of a promissory note against the maker, an answer alleging payment to a third person, without showing any authority in such person to receive such payment, is bad on demurrer.

PRACTICE.—*Discharge of Jury.*—A discharge by the court of a jury, because one member thereof is unable to attend, although both parties desire to proceed with the remaining eleven jurors, does not work a discontinuance of the case, or render invalid a trial at a subsequent term.

INSTRUCTIONS TO JURY.—It is error for the court to charge that the plaintiff is entitled to recover unless the defendant has proved the allegations in two independent and sufficient paragraphs of the answer.

APPEAL from the Madison Common Pleas.

WORDEN, J.—Action by the appellee against the appellants upon a promissory note, executed by the latter to the former. Issue, trial, verdict and judgment for the plaintiff, a new trial having been refused, and exception taken.

The defendant Maynard, who seems to have been principal in the note, answered in eight paragraphs. The first was the general denial, and the others set up new matter. The court, on motion of the plaintiff, struck out the third, and this is complained of as error. We have compared the paragraph thus stricken out with the second paragraph, and are of opinion that they were substantially alike, and that the evidence necessary to support the paragraph stricken out could have been adduced under the second; hence there was no error in this ruling.

A demurrer was sustained to the fourth and sixth paragraphs of the answer, for want of facts sufficient, etc., and exception was taken. These paragraphs set up, in substance, with some variation in the manner of statement, the payment and satisfaction of the note to one Ellen McIntire, formerly Ellen James, without stating any authority or right in her to receive such payment or satisfaction. The paragraphs

Maynard *et al. v.* Black.

were, for this reason, bad, and the demurrer was correctly sustained.

It is complained of as error that the plaintiff took, without leave of the court, and used on the trial, the depositions of Alexander and Ellen McIntire, the defendants having previously taken such depositions. Whatever, if any, foundation there may be in law to this objection, there is none in fact, for we find, on recurring to the record, that the plaintiff obtained the leave of the court to take such depositions before the same were taken by him.

At a term of the court before that at which the trial was had, which resulted in a verdict and judgment for the plaintiff, a jury was impanelled to try the cause, and a part of the evidence was heard, when, upon one of the jurors being unable to attend, the court discharged the jury, though both parties were willing to proceed with eleven jurors only. This is complained of as being erroneous. This action of the court did not work a discontinuance of the cause, and if erroneous, did not prevent the subsequent trial thereof.

The court gave the following instruction, which was duly excepted to by the defendant, and was, amongst other things, made the ground of the motion for a new trial:

"This is an action brought upon a promissory note executed by defendants to the plaintiff, and the execution of the note not being denied by the defendants under oath, the note proves itself; and if the jury find, from the evidence, that the said note in suit was given for a valuable consideration, and that the consideration has not wholly failed since the execution of said note, and that the same has not been fully paid off by said defendants, and accepted by said plaintiff, then your finding should be for the plaintiff, unless you furthermore find the allegations in the seventh and eighth paragraphs of answer to be true."

This instruction is clearly erroneous. The seventh and eighth paragraphs of the answer set up different grounds of defence. They were not challenged by demurrer, nor was their validity in any way questioned. No objection to either

is urged here.   We take them to be good.   If either was found to be true, the defendant was entitled to a verdict.   It was not necessary, in order to defeat the right of the plaintiff to a verdict, that the allegations of both paragraphs should be found to be true, as stated in the instruction. There may have been an inadvertence, in preparing the instruction, in using the word "and" instead of "or," but we can by no means say that the charge as given did not mislead the jury.   For this error the judgment will have to be reversed.

There are some other questions made, arising upon the motion for a new trial, but as they may not arise upon another trial, we pass them.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*W. R. Pierse* and *H. D. Thompson,* for appellants.

*J. W. Sansberry,* for appellee.