CHALLONER vs. HOWARD and others.

PRACTICE. *(1) Vacating judgment after a year. (2) Amending petition for lien. (3) Effect of misdirecting such petition.*

1. More than a year after the rendition of a judgment, the court vacated it as to one of the defendants, for mere irregularities not affecting the jurisdiction. *Held*, error. *Fornette v. Carmichael*, 38 Wis., 236.
2. After a petition for a lien has been filed, it may be amended by making an additional party. *Brown v. Gas Light & Coke Co.*, 16 Wis., 556.

3. Where the petition for a lien is wrongly addressed to the clerk of the county court instead of the clerk of the circuit court, this does not affect the *jurisdiction* of the county court over an action commenced therein to enforce the lien.

APPEAL from the County Court of *Winnebago* County.

Action to enforce a mechanic's lien upon a grist mill and the land upon which it is s'tuate. The original petition for the lien, dated April 28, 1874, stated that it was for work done and materials furnished for Ira Howard and Asaph H. Howard, in making and repairing machinery for said mill, between July 1st and November 6, 1873; and that said Ira and Asaph H. were the owners and in possession of said mill, and the work was done at their request. A paper seems to have been subsequently filed in the same office by the petitioner, dated June 30, 1874, in which he alleges that "*Hannah Howard*, wife of Ira Howard, owned a part of said mill, and is a necessary party to said petition, and the petitioner did not know it at the time said petition was filed, and hence amends his petition by making her a party thereto." The action to enforce said lien was brought against Ira, Asaph H. and *Hannah Howard;* and there was personal service on the defendant last named, who did not appear or answer. The complaint alleges that the defendants owned and occupied the mill in question between July 1st and November 6, 1873, and that during that time plaintiff repaired and made new the machinery in said mill at the request of the defendants; that a certain specified sum is due and unpaid from defendants to plaintiff for the labor and materials so done and furnished; that said machinery is firmly attached to and a part of the mill; and that plaintiff had filed his petition for a lien on the 28th of April, 1874. The complaint contained other averments usual in such cases.

At the trial, plaintiff testified, among other things, that Ira Howard and Asaph H. Howard employed him to do the work; that *Hannah Howard* was the wife of Ira Howard; and that

at the time he did the work and furnished the materials, and filed the petition for a lien, he did not know that *Hannah Howard* had any interest in the mill.

On the 7th of July, 1874, the court rendered a judgment in plaintiff's favor for the relief demanded in the complaint, against all of the defendants.  On the 30th of October, 1875, the defendant *Hannah Howard* moved the court "upon the pleadings and judgment roll herein," that the judgment, so far as she was concerned or interested, should be vacated, on the following grounds:  1. That the complaint did not state any cause of action against said defendant.  2. That the evidence taken in the cause did not warrant the entry of any judgment against her.  3. That the judgment, so far as it declared a lien upon her property, was void, because the complaint did not state facts authorizing such a judgment.  4. That no petition for a lien upon her property had ever been properly filed.

From an order granting this motion the plaintiff appealed.

For the appellant, a brief was filed by *Finch & Barber*, and the cause was argued orally by *Mr. Barber*.  They argued that the court had jurisdiction of the action (R. S., ch. 124, sec. 14); that the complaint stated a cause of action (*Shaw v. Allen*, 24 Wis., 563; *Wright v. Allen*, 26 id., 661); that the evidence was sufficient to support the judgment; that even if the complaint was defective and the evidence insufficient, this would not render the judgment void, but merely irregular (*Tallman v. McCarty*, 11 Wis., 401; *Warren v. Gordon*, 10 id., 499; *Bonnell v. Gray*, 36 id., 581, and cases cited in the opinion; 4 Wait's Pr., 631; McNamara on Nullities, 4, 6, 8); that the alleged errors and defects are such as do not affect the substantial rights of the respondent, and should therefore be disregarded in every stage of the action (R. S., ch. 125, sec. 40); that no substantial injustice was shown by the respondent, nor did she offer to file any answer, and therefore the judgment should not have been vacated even upon motion

made in season (*Burnham v. Smith*, 11 Wis., 258; *Johnson v. Eldred*, 13 id., 482; 18 id., 52); and that the court could not vacate the judgment after the term at which it was entered, for errors in law or fact committed in rendering it. 36 Wis., 574, and cases there cited; id., 627; 37 id., 262; 38 id., 236. 2. They also contended that the omission of the respondent's name in the original petition for a lien was immaterial. The suit to foreclose a mechanic's lien, though not strictly *in rem*, is still of that nature. The statute is remedial, and should be liberally construed and applied. The fact that a mechanic does not know all the members of a firm whose property is improved by his labor and materials, and therefore omits one of them from his petition, should not impair his lien, the work being done upon the credit of the building. The respondent had the benefit of the services and materials; her interest in the mill must contribute to pay for them. *Esslinger v. Huebner*, 22 Wis., 633. Moreover, the petition was amended June 30, 1874, and was introduced in evidence as amended. The petition being before the court, it could be amended if defective in any respect; and the judgment should not be set aside for such defect. *Witte v. Meyer*, 11 Wis., 296; *Brown v. Gas Light & Coke Co.*, 16 id., 555. 3. To the objection that the petition for a lien was addressed to the clerk of the county court, and not to the clerk of the circuit court, counsel answered, (1) That the clerk of the circuit court for Winnebago county is *ex officio* clerk of the county court (sec. 4, ch. 361 of 1860), and there is no evidence that the petition was not filed in the right office, even if the two offices were distinct. (2) That such petition may properly be filed with the clerk of either the circuit or the county court. Tay. Stats., 1765, § 11. But whatever defects may have existed in the petition, or in the filing thereof, they did not affect the jurisdiction of the county court in the action.

*Charles W. Felker*, for the respondent. (No brief on file.)

Cole, J.   More than a year had expired from the entry of judgment, when the defendant *Hannah M. Howard* moved, so far as she was concerned, to have the same set aside, and the motion was granted.   The motion was not founded upon any affidavits whatever, nor even upon an answer showing a defense.   It is a bare motion stating certain irregularities in the proceedings as grounds for setting aside the judgment.   None of these alleged irregularities go to the jurisdiction of the court.   It plainly appears that the county court had jurisdiction over the subject matter of the action, and acquired jurisdiction of the defendants by personal service of its process upon them.   Manifestly the motion to vacate the judgment was too late, according to the repeated decisions of this court (*Ætna Ins. Co. v. McCormick*, 20 Wis., 265; ·*Bonnell v. Gray*, 36 id., 574; *Quaw v. Lameraux*, id., 626; *Loomis v. Rice*, 37 id., 262; and *Fornette v. Carmichael*, 38 id., 236), and ought not to have been granted.   The county court had no power to vacate the judgment for any error in law or fact committed in rendering it or occurring before it was pronounced.   The defects, if any existed in the proceedings, were only irregularities.   It appears that the petition for a lien was amended after it was filed, by making *Hannah* a party. This was allowable.   *Witte v. Meyer*, 11 Wis., 296; *Brown v. The La Crosse Gas Light & Coke Co.*, 16 id., 556.   Again, the record shows that the petition was addressed to the clerk of the county court instead of the clerk of the circuit court, and therefore it is claimed the petition was not properly filed. The clerk of the circuit court is *ex officio* clerk of the county court.   Sec. 4, ch. 361, Laws of 1860.   Beside, it is apparent that if the petition was wrongfully addressed, that would not affect the jurisdiction of the court.

*By the Court.* — The order of the county court vacating and setting aside the judgment in respect to *Hannah M. Howard* is reversed, and the cause is remanded for further proceedings according to law.