ROSENKRANS VS. KLINE.

PRACTICE:   *(1) Vacating judgment.   (2) Time for appealing from order.*

1. After two years from the entry of a judgment of foreclosure and sale in this case, the court had no power to disturb it on the grounds that it included lands not covered by the mortgage, and that notice of *lis pendens* had not been duly filed.

2. It is only after *written notice of the entry* of an order, that the statutory limitation of the time for appealing therefrom begins to run; and the facts that the order was served upon appellant's attorney, and that he filed exceptions thereto, do not take the case out of the rule.

APPEAL from the Circuit Court for *Wood* County.

Action to foreclose a mortgage. The description of the premises in the mortgage was as follows: "All that piece or parcel of land lying in the city of Grand Rapids, county of Wood, and state of Wisconsin, known and described as follows, to wit: that certain lot, in said city of Grand Rapids, owned by and upon which is situated the building now by me occupied as and for a jewelry store, together with the said store building." The complaint, after setting out the above description of the premises, alleges that "the premises intended to be conveyed by said mortgage are more accurately and definitely described as follows:" [here follows a description of certain premises by metes and bounds, and as part of a certain fractional lot in a certain specified section, town and range]; and that the tract of land above described is the same piece of land described and intended to be conveyed in and by said mortgage, and which, at the time of the execution and delivery of said mortgage, was owned by said defendant, and with the building thereon was then by him occupied as and for a jewelry store, in said city of Grand Rapids and county of Wood.

Judgment was taken by default, and entered in the usual form February 11, 1875. The mortgaged premises are described in the judgment, first, in the language of the mortgage, to which is then added the following: "And said

premises intended to be conveyed by said mortgage are more accurately and definitely described as follows, to wit: " [here follows a description similar to the second description contained in the complaint]. The premises were sold to the plaintiff under the judgment on the 20th of April, 1875. In May, 1876, defendant moved the court to set aside the sale and the judgment, on the grounds (1) that no notice of *lis pendens* was filed in the action as required by law; (2) that the real estate described in the judgment was not that described in the mortgage; " and for other defects apparent upon the face of the record." This motion was based upon the record, and upon an affidavit of the defendant. This affidavit stated, among other things, that the real estate described in the mortgage was a piece of land only twenty feet square, and that the real estate described in the judgment included more than half an acre of defendant's land not included in the mortgage. It also states that "the reason affiant has not moved herein prior to this time was, that affiant always believed that plaintiff would claim, by virtue of his judgment, only the real estate so mortgaged, but affiant is now informed and verily believes that plaintiff claims to own, by virtue of his said judgment and sale, all the real estate in said judgment described." There was also an affidavit of merits. On the 7th of March, 1877, the court made an order vacating the sale on terms, and also vacating the judgment "in so far as it covers and describes property of the defendant not included in the mortgage." The order was served upon plaintiff's attorneys on the same day; they filed exceptions thereto on the next day; and, on the 25th of June following, plaintiff appealed from the order.

*W. C. Williams*, for the appellant, to the point that the court had no jurisdiction to make the order after the lapse of a year from the judgment and sale, or even after the term at which the judgment was entered, cited *Sanderson v. Dox*, 6 Wis., 164; *Spafford v. Janesville*, 15 id., 477; *Edwards v. Janesville*, 14 id., 26; *Flanders v. Sherman*, 18 id., 575, 593;

*Ætna Ins. Co. v. McCormick*, 20 id., 265; *Hartshorn v. Railway Co.*, 23 id., 692; *Jenkins v. Esterly*, 24 id., 340; *Landon v. Burke*, 33 id., 452; *Scheer v. Keown*, 34 id., 349; *Durning v. Burkhardt*, id., 585; *Pinger v. Vanclick*, 36 id., 141; *Bonnell v. Gray*, id., 574; *Quaw v. Lameraux*, id., 626; *Loomis v. Rice*, 37 id., 262; *Herman v. Mason*, id., 273; *Van Dresar v. Coyle*, 38 id., 672; *Fornette v. Carmichael*, id., 238.

For the respondent, a brief was filed by *Jones & Sanborn*, and the cause was argued orally by *D. Lloyd Jones*. They contended, 1. That the appeal was ineffectual, not having been taken within thirty days from service of the order. Tay. Stats., 1634, § 8. 2. That the circuit court had jurisdiction to make the order. The rule is, that the court has no power to review its own judgment of a previous term on any matter upon which the mind of the court acted; but this does not prevent the court from setting aside at a subsequent term its own judgment for those errors for which, at common law, the same court would reverse it on a writ of error *coram nobis*. *Ætna Ins. Co. v. McCormick*, 20 Wis., 265. If a judgment in the King's Bench be erroneous in matter of fact only, and not in point of law, it may be reversed in the same court by a writ of error *coram nobis*. 2 Cooley's Black., 406, note 4. The judgment here shows clearly, on its face, that the mind of the court never acted on the question raised by the complaint, as to the proper description of the mortgaged premises. There is no finding upon that question, and the judgment does not recite that the premises described in the complaint are really the mortgaged premises. The complaint in effect asks the court to reform the mortgage.

COLE, J. This is an appeal from an order setting aside a sale of mortgaged premises, and vacating a judgment of foreclosure in certain particulars mentioned in the order. The judgment of foreclosure was entered February 11, 1875; the sale under it was made on the 20th of April following; notice

of motion to set aside the sale and vacate the judgment was served on the 15th of May, 1876, together with a copy of the affidavit upon which the motion was founded; and the order appealed from was finally made on the 7th of March, 1877. In view of the repeated decisions of this court upon the question, it is surely only necessary to remark, that the circuit court, after the lapse of time which had intervened since its rendition, had no power whatever to vacate or modify the judgment, as it attempted to do. In the recent cases of *Challoner v. Howard*, 41 Wis., 355, and *Knox v. Clifford*, id., 458, the power of the court over its judgment, after the expiration of the term, is again considered, and the former rule affirmed. The point is, therefore, well settled, that the court had lost jurisdiction over the judgment, and could not disturb it for the reasons stated in the motion.

It is objected that this court has no jurisdiction to entertain this appeal, it having been taken more than thirty days after the order was served. To limit the time for appealing, the statute requires written notice of the entry of the order to be served on the adverse party. *Corwith v. State Bank of Illinois*, 18 Wis., 560; *Couldren v. Caughey*, 29 id., 317. No such written notice was given in this case, to set the statute running.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded.