Filed May 14, 1891.

---

No. 79.

STRATTON v. LOCKHART.

MALICIOUS PROSECUTION.—*General Objection to Evidence.*—In an action for malicious prosecution the docket entry of the justice of the peace before whom the prosecution was instituted was offered in evidence, and objected to on the ground that the entry had been changed since the suit was commenced, but the objection did not specify what changes had been made.

*Held*, that no question was presented on appeal.

Stratton *v.* Lockhart.

SAME.—*Justice of Peace.*—*Record Entry.*—*Clerical Errors.*—The docket entry showed a trial by jury, a verdict of not guilty, followed by a judgment in favor of defendant for costs. The judgment, as originally entered, was for the plaintiff. The entry contained a plea of guilty by the defendant, which was unchanged.

*Held*, that the errors were clearly clerical, and that the verdict of the jury was not impaired thereby.

SAME.—*Advice.*—*Malice.*—In an action for malicious prosecution, evidence that the defendant in commencing the prosecution complained of, acted upon the advice of a person not a counselor or attorney at law, is incompetent to disprove malice.

SAME.—*Evidence.*—Where, in an action for a malicious prosecution in instituting surety of the peace proceedings, evidence was introduced tending to show that the plaintiff's husband, prior to the filing of the affidavit by the defendant for surety of the peace, was seen following the defendant with a club and threatening to kill him, it was competent for the plaintiff to prove by her husband that the club, so called, was only a switch with which he was driving a calf, and that he had no disposition to hurt the defendant.

From the Henry Circuit Court.

*J. Brown, W. A. Brown, J. H. Mellett* and *E. H. Bundy,* for appellant.

*J. M. Brown* and *S. H. Brown,* for appellee.

NEW, J.—This was a suit by the appellee, Melvina Lockhart, against the appellant, Edward K. Stratton, for maliticious prosecution without probable cause, upon a complaint consisting of but one paragraph, and upon which issue was taken by a general denial.

The prosecution complained of was for surety of the peace against the appellee and her husband, Joseph Lockhart, before a justice of the peace.

At the February term, 1888, of the Henry Circuit Court, the case at bar was submitted to a jury for trial, and after the appellee had introduced a portion of her evidence, the cause was withdrawn from the jury by the court, upon the motion of the appellee, and continued until the next term of said court, to enable her to have a correction made in the docket of Josiah Needham, the justice of the peace before whom said surety of the peace case was tried.

To the withdrawal from the jury and the continuance of the cause the appellant excepted, and filed his bill of exceptions during that term.

At the following term the cause was again submitted to a jury for trial, upon the issues already formed, and a verdict was returned for the appellee in the sum of one hundred dollars. Judgment followed the verdict over motion and exception by the appellant for a new trial.

The overruling of the motion for a new trial is assigned as error by the appellant.

The appellant's counsel earnestly contend that the court had no right at the February term to withdraw the case from the jury and continue it, to enable the appellee to have a correction made in the docket entry of the surety of the peace proceedings before the justice.

However this may be, the action of the court in that regard is in no way assigned as error, and therefore we are not required to pass upon it. We will say, however, that no reason has been suggested by counsel, nor do we see how that action of the court could render invalid a trial had of the same cause at a subsequent term. *Maynard* v. *Black*, 41 Ind. 310.

We will now consider such of the grounds assigned for a new trial as have been discussed by counsel for the appellant.

The docket entry of the proceedings before the justice in the surety of the peace case was introduced in evidence over the objection of the appellant, the object of its introduction being to show that the appellee was acquitted in said cause.

The ground of the objection was that the entry had been changed since this suit was commenced. No offer accompanied the objection to show in what respect the entry had been changed. It was stated in the objection that, at the time of the commencement of this suit, the judgment on the justice's docket was in favor of the appellant, and that at that time there was no finding or judgment in favor of the ap-

pellee on said docket, and that it was not then in the condition that it was when the judgment therein was rendered.

The objection as thus made was too general and indefinite. It did not specify what changes had been made. A party objecting to the introduction of testimony must state to the trial court specifically his grounds of objection, and the bill of exceptions must exhibit them as stated. *City of Delphi* v. *Lowery*, 74 Ind. 520; *Cincinnati, etc., R. W. Co.* v. *Howard*, 124 Ind. 280.

An objection to the admission of evidence should be so presented to the court below that it can be understandingly passed upon. *Mugg* v. *Graves*, 22 Ind. 236. There are many other cases to the same effect.

It was impossible for the court to understand from the objection made, what changes, if any, had been made in the docket. There was no available error, therefore, in overruling the objection.

The entry, as introduced, shows a trial by jury on the 18th of January, 1888, with verdict of not guilty in favor of the appellee. Following the verdict is the judgment in these words:

"It is, therefore, considered and adjudged by the court, that the defendant recover of the plaintiff the sum of twenty-nine dollars and seventy-five cents, costs of suit and accruing costs. Given under my hand and seal. Dated this 18th day of January, 1888."

This was signed by the justice.

Our attention is called to the fact that in the entry, as introduced, occur the following words: "Comes now the defendant, and for plea says he is guilty." The use of the word *guilty* is evidently a mere clerical error. This entry is in print, as a part of the printed form found on that page. The first thing following the words quoted is the entry of the trial by jury and verdict of not guilty.

After the introduction of the entry of the proceedings before the justice, evidence was introduced from which it ap-

peared that the entry as first made up of the judgment of the court contained the word "plaintiff," in print, where the word "defendant" has since been written by the justice, and the word "defendant," in print, where the word "plaintiff" has since been written by the justice. The justice testified that the mistake occurred on account of it being a printed criminal docket.

It is clear, from the evidence, that this was a mere clerical or ministerial mistake.

The entry discloses no reason why there would have been a judgment against the appellee for costs, and the evidence shows that the costs were paid by the appellant himself within three days after the trial.

If there had been a finding against the appellee by the jury, it would have been the duty of the court to require her to enter into recognizance for her appearance in the circuit court. No such judgment was rendered and could not be upon a verdict of not guilty. Neither can the judgment as first entered be regarded as in any way impairing or suspending the verdict of the jury. There was a finding of not guilty, followed by no steps to hold, detain or recognize the appellee, and she was not bound to wait until the court had entered up a judgment for costs. And even if the judgment as by mistake entered for costs had remained unaltered, the record, taken as a whole, would have been one of acquittal of the charge made against the appellee in the affidavit for surety of the peace, upon which the trial had been had.

The rendition of a judgment is a judicial act, but the making of the record of it is merely ministerial. *Martin* v. *Pifer*, 96 Ind. 245. A judgment is not what is entered, but what is ordered and considered. Freeman Judgments, section 38.

We think that under the circumstances as disclosed by the evidence, the changes made by the justice should be treated as clerical only, and, if so, the corrections made would re-

late back to the time of the trial had before him. Indeed, it is very questionable whether the docket entry as introduced by the appellee was not conclusive. *Robinson* v. *Snyder*, 97 Ind. 56.

It is urged by appellant's counsel that the court erred in refusing to give the instruction asked by him. With the view we entertain of the purport and effect of the entry upon the justice's docket, as it was, either before or after its correction, the court did right in refusing to give the instruction.

The appellant offered to prove, in the case at bar, by one Isaac Thomas, that prior to the commencement of the proceedings for surety of the peace, he had said to the appellant that he was in danger, and from what the appellee's husband had said, he had better not go there unprotected.

The court sustained, properly, in our opinion, an objection to this evidence.

If, as bearing upon the question of probable cause or malice, a defendant may show that information has been communicated to him because of which, as a reasonable and prudent man, he would be led to believe that his person would be injured by violence, it should be information of facts, and not merely an expression of opinion; or, if the informer professed to have heard something, the information would go to the extent of the facts heard.

The evidence, in the form offered, was little, if anything, more than advice to the appellant to proceed to take steps to protect himself. The appellant did this by filing his affidavit for surety of the peace.

In an action for malicious prosecution, evidence that the defendant, in commencing the prosecution complained of, acted upon the advice of a person not a counselor or attorney at law, is incompetent to disprove malice. *Lytton* v. *Baird*, 95 Ind. 349.

It would open the door to great abuses of legal process if

shelter and protection from the consequences of instituting an unfounded prosecution could be obtained by proof that a party acted on the irresponsible advice of one who could not be presumed to have better means of judging of the rights and duties of the prosecutor, on a given state of facts, than the prosecutor himself. *Olmstead* v. *Partridge*, 82 Mass. 381 .

In the case at bar it was not proposed to prove in the offer made that the appellee had made any threats or was meditating any harm to the appellant.

It is complained of that the appellee was permitted to prove by her husband that he had no disposition to hurt the appellant.

Evidence had been introduced by the appellant tending to show that the husband of the appellee, prior to the filing of the affidavit by the appellant for surety of the peace, was seen following the appellant with a club and threatening to kill him. This the appellant denied as a witness, saying that it was only a switch he had in his hand, which he had picked up to use in driving a calf. It was competent for him to testify as to his intent and disposition of mind toward the appellant on the occasion in question. He had a right to show the quality or nature of what he did, and therefore could testify as to his intention. *Greer* v. *State*, 53 Ind. 420; *Shockey* v. *Mills*, 71 Ind. 288 ; *Sedgwick* v. *Tucker*, 90 Ind. 271 ; *Heap* v. *Parrish*, 104 Ind. 36.

We find no error for which the case should be reversed.

The judgment is affirmed, with costs.

Filed May 14, 1891.