WELD and others, by guardian *ad litem*, Respondents, vs. THE JOHNSON MANUFACTURING COMPANY, Appellant.

*November 29 — December 29, 1893.*

86  549
88  634

86  549
d105  67

*Ejectment: Pleading: Amendment: Equitable defense: Counterclaim.*

In ejectment against a corporation a proposed amended answer alleged that the lands had belonged to a firm consisting of plaintiff's ancestor and another, and had been left in the hands of the latter as surviving partner, as personalty subject to the firm debts, which were large; that in the settlement of the partnership affairs and for the continuance of the business said survivor had caused the defendant corporation to be organized, and had conveyed the lands to it in consideration of the payment of the firm debts, which it assumed. The judgment demanded was that plaintiffs take nothing by the action. *Held*, that the proposed answer was defective under sec. 3078, R. S., because stating an equitable defense without demanding. by way of counterclaim, a confirmation of the legal title in defendant, and that the court properly refused to allow it to be filed. [WINSLOW, J., is of the opinion that the allegations of the answer are insufficient to constitute either a defense or a counter-claim.]

APPEAL from the Circuit Court for *Waupaca* County. Ejectment. The facts are stated in the opinion.

*F. C. Weed,* attorney, and *Geo. W. Bird,* of counsel, for the appellant.

For the respondents there was a brief by *M. C. Phillips,* attorney, and *Gary & Forward,* of counsel, and oral argument by *M. C. Phillips* and *George Gary.*

ORTON, J. This is an action in ejectment, brought by the plaintiffs, as the infant heirs of Julius T. Weld, deceased, by their guardian, against the defendant corporation, for the recovery of an undivided one-half of certain lands, by metes and bounds, in an addition to the city of New London. The defendant answered, after certain admissions, by a general denial. The cause was tried on such issue, and the plaintiffs recovered judgment. Within one year thereafter the judgment was vacated and a new trial granted under sec. 3092, R. S. Afterwards the defendant asked leave to amend the answer, and moved that an amended answer presented be filed and stand as the answer in the case. The court denied the motion, and the defendant has appealed from said order.

The amended answer, besides such admissions and general denial, sets up substantially the same facts as are stated in the counterclaim filed in an action between the same parties, and in another court, and which follows this case. *Weld v. Johnson Mfg. Co., post,* p. 552. The same facts are pleaded as a defense to this as are pleaded as a counterclaim in that action. The answer is, in effect, that the lands sought to be recovered were, at the time of the death of the said Julius T. Weld, the partnership property of the firm of Weld & Johnson, composed of said Julius T. Weld and one R. S. Johnson, and were left in the hands of said Johnson as surviving partner, as personal property and subject to the payment of the debts of said copartnership; and that the partnership at that time was indebted in the sum of about $21,000; and that in the settlement of said

partnership affairs, and for the continuance of the business of the concern, the said Johnson caused the defendant corporation to be organized, and conveyed said lands to the same in consideration of the payment of the debts of the firm, which said corporation assumed. The defendant demands judgment that the plaintiffs take nothing by this action.

This is unquestionably an equitable defense, and involves an accounting by said surviving partner, Johnson. Such an answer must contain a demand for such judgment as the defendant claims. R. S. sec. 3078. The answer must also be a counterclaim and demand a confirmation of the legal title in the defendant, so that the title and possession may be no longer separate. *Dewey v. Hoag,* 15 Barb. 365. There is another good reason for the rule. A court of equity should not be called upon to intervene in an action at law without being asked for some equitable relief, or to perform such fruitless labor as to merely defeat the action at law and leave the title in abeyance. But such is the statute, and that is sufficient. *Lombard v. Cowham,* 34 Wis. 486; *Du Pont v. Davis,* 35 Wis. 631; *Lawe v. Hyde,* 39 Wis. 345; *Stowell v. Eldred,* 39 Wis. 614; *Fuchs v. Treat,* 41 Wis. 404; *Dobbs v. Kellogg,* 53 Wis. 448. The amended answer was for this reason fatally defective, and the court did right in not allowing it to be filed.

*By the Court.*— The order of the circuit court is affirmed.


WINSLOW, J. I concur in the result in this case because, in my judgment, the allegations of the answer are insufficient to constitute either a defense or a counterclaim.