COMSTOCK, Appellant, vs. BOYLE and others, imp., Respondents.

*February 1—February 18, 1908.*

*Ejectment: Failure of plaintiff to prove title: General denial: Judgment: Actions: Jurisdiction: Vacating judgments: When judgment is complete: Correcting judgment after term.*

1. In ejectment, where the plaintiff fails to prove title and the answer contains neither affirmative defense nor counterclaim, but only a general denial, the proper judgment is a judgment of nonsuit, and in such situation it is error to receive testimony upon the merits of the action, make findings, and enter judgment in accordance therewith.

2. Jurisdiction of actions of ejectment has been given the circuit courts by the statute—sec. 8, art. VII, Const.; secs. 2420, 3073 *et seq.* Stats. (1898),—and when plaintiff properly commences such an action in the proper court and serves his summons on the defendant jurisdiction of the parties is obtained, and thereby the court acquires complete jurisdiction of both the subject matter and the parties.

3. Absence of a party from a trial cannot deprive the court of jurisdiction to proceed unless there be some statutory provision to that effect.

4. Absence of a party from the trial may affect the nature of the judgment which should properly be rendered.

5. Where, in the absence of a party from the trial, the court renders a wrong judgment, it is error only,—it is not an act without jurisdiction.

6. Where the court has jurisdiction of both the subject matter and the parties it has jurisdiction to render not only a right judgment but an erroneous judgment as well.

7. Where a judgment is rendered at one term the court cannot against objection set aside either the judgment or the findings on which it was based at a subsequent term merely because error had been committed.

[8. Whether, in such case, the judgment would be set aside by consent of the parties, doubted, but not decided.]

9. Where a court pronounces judgment from the bench, and all that remains to be done is the clerical duty of reducing the judgment to writing or entering the same, or both, the judicial act is complete.

10. Where the court files its findings and orders the entry of judg-
ment in accordance therewith the entire judicial act is then
performed, and if mistake is made in the performance of the
purely clerical duty of its entry, so that the judgment as en-
tered does not accord with the judgment ordered, such mistake
may be corrected at a subsequent term, or relief may be granted
under sec. 2832, Stats. (1898), but no change can be made after
the trial term in the judgment actually ordered on the ground
that it is erroneous.

Appeal from a judgment and an order of the circuit court
for Fond du Lac county: Chester A. Fowler, Circuit
Judge. *Judgment reversed; order affirmed.*

Ejectment to recover a parcel of land in the city of Fond
du Lac. The answer was a general denial. The case was on
the calendar of the February, 1907, term of the circuit
court for Fond du Lac county and was reached February
13, 1907, on which day, the plaintiff not appearing, the court
received testimony upon the merits, and thereafter made
findings of fact to the effect that the legal title to the land in
question was in respondents and that appellant's title was
based upon tax deeds for taxes levied on the land at a time
when it was owned by the state and not subject to taxation,
and further found as conclusions of law that appellant's tax
deeds were void and that he acquired no claim or title what-
soever thereby, and directed judgment to be entered in ac-
cordance with the findings. These findings were served on
plaintiff's attorneys March 9th and filed March 13th fol-
lowing, being still of the February term. The clerk did not,
however, enter the judgment as ordered, and on March 19th
the appellant served notice of motion to set aside the findings,
on the ground that the court had no jurisdiction to try the
case in the absence of the plaintiff. Two other grounds were
alleged in the motion papers, but as they were subsequently
waived it is unnecessary to refer to them. The motion was
made returnable on the first day of the May term of said
court. On the same day that the motion papers were served

the appellant obtained from a court commissioner an order purporting to stay all further proceedings in the action until the hearing and determination of the motion. Upon the hearing of the motion the court denied the same, and further ordered the clerk to sign and enter a judgment in accordance with the findings (which had been presented to him for signature March 14, 1907) as of the last named date *nunc pro tunc*. The plaintiff appeals both from this order and from the judgment.

For the appellant there was a brief signed by *Edw. S. Bragg,* of counsel, and oral argument by *J. G. Hardgrove.*

For the respondents there was a brief by *F. L. Gilbert,* attorney general, and *Russell Jackson,* deputy attorney general, and oral argument by *Mr. Jackson.*

WINSLOW, C. J. It was conceded by respondents that the judgment was erroneous and must be reversed because the answer contained neither affirmative defense nor counterclaim, but only a general denial, and in such case the proper judgment, if plaintiff fails to prove title, is a judgment of nonsuit. *Weld v. Johnson Mfg. Co.* 86 Wis. 549, 57 N. W. 378; *Zander v. Valentine Blatz B. Co.* 89 Wis. 164, 61 N. W. 763; *Keator v. Glaspie,* 44 Minn. 448, 47 N. W. 52.

But the appellant makes a much broader claim, to the effect that when he failed to appear at the trial he thereby deprived the court of all jurisdiction to render any judgment except a judgment of nonsuit, and therefore that the judgment actually rendered was not only erroneous but void. From this premise he argues that the trial court should have set aside the findings, even though the term had passed at which the action was tried and the judgment ordered. We are entirely unable to agree with this contention. Jurisdiction of actions of ejectment has been given to the circuit courts by the statute. Sec. 8, art. VII, Const.; secs. 2420, 3073 *et seq.* Stats. (1898). This is jurisdiction of the sub-

ject matter. When the plaintiff properly commences such an action in the proper court and serves his summons on the defendant jurisdiction of the parties is obtained, and thus complete jurisdiction of both the subject matter and the parties is acquired by the court and the contentions of the parties may be heard and decided. Absence of a party from the trial cannot deprive the court of jurisdiction to proceed unless, indeed, there be some statutory provision to that effect. Such absence may affect the nature of the judgment which should properly be rendered, but if the court renders a wrong judgment such action is an error only—it is not an act without jurisdiction. Having jurisdiction of both the subject matter and the parties, the court has jurisdiction to render not only a right judgment but an erroneous judgment as well. The logic of the appellant's argument leads inevitably to the conclusion that whenever a court errs it acts without jurisdiction—a conclusion which, of course, it is impossible to sustain. *State ex rel. Fowler v. Circuit Court,* 98 Wis. 143, 73 N. W. 788. If the judgment in question was in fact rendered during the February term, the court could not against objection set aside either the judgment or the findings on which it was based at a subsequent term merely because error had been committed. This principle of the common law has frequently been affirmed by this court. *Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265; *Scheer v. Keown,* 34 Wis. 349; *Fornette v. Carmichael,* 38 Wis. 236; *Challoner v. Howard,* 41 Wis. 355; *Whitney v. Karner,* 44 Wis. 563; *Egan v. Sengpiel,* 46 Wis. 703, 1 N. W. 467; *Gilbert-Arnold L. Co. v. O'Hare,* 93 Wis. 194, 67 N. W. 38; *Bassett v. Bassett,* 99 Wis. 344, 74 N. W. 780; *Dufur v. Home Inv. Co.* 122 Wis. 470, 100 N. W. 831; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540. Whether it could set the judgment aside by consent of the parties is a question con-

cerning which there may be considerable doubt. 1 Free-
man, Judgm. (4th ed.) § 96. Some decisions of this court
seem to carry the idea that consent may give the court such
power, but in none of them was the question raised, and
we express no opinion upon it here as it is not presented.
*Baker v. Baker,* 51 Wis. 538, 8 N. W. 289; *Steinhofel v.
C., M. & St. P. R. Co.* 92 Wis. 123, 65 N. W. 852; *Hogan
v. La Crosse,* 104 Wis. 106, 80 N. W. 105; *Nelson v. Jacobs,*
99 Wis. 547, 75 N. W. 406.

The principle is also well settled in this state that if the
court pronounces judgment from the bench, and all that
remains to be done is the clerical duty of reducing the judg-
ment to writing or entering the same, or both, the judicial
act is complete. So far as the court is concerned, judgment
has been rendered notwithstanding the fact that the cleri-
cal acts necessary to preserve the evidence of the judgment
have not been performed. *Baker v. Baker,* 51 Wis. 538, 8
N. W. 289; *Fulton v. State ex rel. Meiners,* 103 Wis. 238,
79 N. W. 234; *Findlay v. Knickerbocker Ice Co.* 104 Wis.
375, 80 N. W. 436; *Allen v. Voje,* 114 Wis. 1, 89 N. W.
924; *German Am. Bank v. Powell,* 121 Wis. 575, 99 N. W.
222; *Zahorka v. Geith,* 129 Wis. 498, 109 N. W. 552. In
the present case the court filed findings and ordered the en-
try of the judgment in accordance therewith. The entire
judicial act was then performed. There only remained the
purely clerical duty of reducing it to writing and entering it
of record. If mistake was made in the entry, so that the
judgment as entered did not accord with the judgment or-
dered, such mistake might be corrected even at a subsequent
term, or relief might be granted under sec. 2832, Stats.
(1898), but no change could be made after the trial term in
the judgment actually ordered on the ground that it was
erroneous.

These considerations demonstrate that the trial court was

right in refusing to set aside the findings upon motion made returnable at a subsequent term, and necessitate affirmance of the order appealed from.

*By the Court.*—The order appealed from is affirmed without costs, and the judgment appealed from is reversed with costs, and the action is remanded for a new trial.

TIMLIN, J., took no part.