Osmundson, Respondent, vs. Lang and another, Appellants.

*January 17—February 13, 1940.*

For the appellants there was a brief by *Sanborn, Blake & Aberg, Ernest H. Pett,* and *Edwin Conrad,* all of Madison, and oral argument by *Mr. Pett.*

For the respondent the cause was submitted on the brief of *O. A. Stolen* of Madison.

ROSENBERRY, C. J. On November 13, 1937, plaintiff driving a Pontiac car, and the defendant Lang driving a Chevrolet car, had a collision. Plaintiff brought suit. The defendant Lang filed a counterclaim. On February 14, 1939, the trial of the action was commenced. Plaintiff was represented upon the trial by Lloyd Paust and J. Philip Koberstein of the office of Darrell MacIntyre. During the *voir dire* examination of Juror Elver, Elver testified that he knew the plaintiff, who was not in the courtroom at the time. The trial was proceeded with at 2 p. m., and thereafter the plaintiff was in court during the remainder of the trial. The trial was continued through February 15th and 16th, and no objection or question was raised in regard to the qualification of the Juror Elver. The jury returned a verdict finding the defendant Lang negligent with reference to speed, and that such negligence was the cause of the accident; found that the defendant was not negligent as to lookout or control. The jury found that the plaintiff was negligent in respect to, (1) turning left; (2) failing to warn; (3) lookout; (4) control. On the issue of comparative negligence the jury found the plaintiff seventy-five per cent negligent and the defendant Lang twenty-five per cent negligent.

There were motions for judgment on the verdict which were brought on for hearing on March 4, 1939. A continuation was taken to permit the plaintiff to file affidavits with respect to newly discovered evidence. An affidavit was filed, and on March 9, 1939, the court denied plaintiff's motions after verdict and granted defendant's motions for judgment on the verdict, a formal order to that effect being signed on March 11, 1939. This order was filed on March 13, 1939, and notice of entry of order for judgment was served

and filed on March 15, 1939. Notice of entry of judgment was served and filed on March 20, 1939.

On June 23, 1939, the plaintiffs procured an order requiring the defendant Lang to show cause why a new trial should not be granted upon the ground that the action was not tried by a fair and impartial jury. On this motion plaintiff was represented by other counsel. The only affidavit in support of the motion signed by the plaintiff avers that one of the jurors entertained feelings of animosity against the plaintiff; that plaintiff did not discover this fact until after the verdict. The juror thus challenged was not named in the affidavit.

On July 3, 1939, the plaintiff filed an affidavit in which he designated the juror, Alfred Elver, as the one challenged for cause, and on that day the trial court entered an order granting the plaintiff a new trial upon the ground that Juror Elver was incompetent. The affidavit upon which the order on which the new trial was based was not served upon counsel for the defendants. On July 8, 1939, a copy of the plaintiff's affidavit having been received by counsel for the defendants, on July 8th, the defendants served a request to be permitted to file the affidavits of Edwin Conrad and Juror Alfred Elver. In this affidavit Elver avers that plaintiff, about twenty years ago, called on this affiant to sell him mineral feeds; that at no time did affiant drive plaintiff off his premises; that at no time nor now does this affiant entertain any feeling of animosity toward the plaintiff. Leave was granted to file the affidavits, and on July 31, 1939, the court declined to reconsider its order granting a new trial.

The first contention of the defendants is that the trial court was without jurisdiction to enter the orders of July 3d and July 6th, granting the plaintiff a new trial. The basis of this contention is that sec. 270.49, Stats., provides that a motion for a new trial made on the minutes of the judge must be decided within sixty days after the verdict is ren-

dered, otherwise it will be deemed denied. The difficulty with this contention is that this motion was not made on the minutes of the judge but upon affidavits setting up the facts *dehors* the record. Therefore the provisions of sec. 270.49 do not apply.

The judgment in this case was rendered on March 11, 1939 (15 R. C. L. p. 578, § 11), although it was not entered until March 13, 1939. See *Comstock v. Boyle* (1908), 134 Wis. 613, 617, 114 N. W. 1110. This state has always followed the general rule that a court cannot set aside or vacate a judgment at a term of court subsequent to that in which it was rendered unless the time has been extended by statute. *Comstock v. Boyle, supra.*

In this state the time has been extended within which a motion for a new trial may be made upon the minutes of the judge (sec. 270.49, Stats.), for a new trial, founded upon newly discovered evidence (sec. 270.50), and on the ground of mistake, inadvertence, surprise, or excusable neglect, within one year (sec. 269.46).

We find no statutory express authority for vacating a judgment upon the ground of misconduct of a juror after the term at which the judgment was rendered has expired. If such authority exists it must be found in sec. 269.46, Stats. Under the facts of this case, it is clear that the plaintiff waived any objection to the juror by reason of his failure to bring his alleged disqualification to the attention of the court promptly during the course of the trial. Nothing was newly discovered in this case. The plaintiff sat two days during the trial face to face with the juror. During that time he knew all he ever knew in respect to any previous contacts he had with the juror. The plaintiff could not sit by and after verdict accept the juror if the verdict was favorable and move to set aside the verdict if it was unfavorable. *Wetzler v. Glassner* (1925), 185 Wis. 593, 201 N. W. 740; 46 C. J. p. 158, § 127, and cases cited.

Nor do we discover any authority for tacking motions for new trial. The motion for new trial which had been heard and decided was upon entirely different grounds than the motion under consideration and they were in no way related. The first motion was made on a claim of newly discovered evidence while the second is based on the disqualification of a juror. For the reasons stated, the orders appealed from must be reversed, and cause remanded with directions to reinstate the verdict and judgment.

*By the Court.*—It is so ordered.