CUPICHA and STATE AUTOMOBILE MUTUAL INSURANCE CO., Plaintiffs-Appellants, v. SEFCHICK, JR. and RESERVE INSURANCE CO., Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25484.   Decided April 13, 1961.

60

*Messrs. Rosenfeld, Palay & Fallon,* for plaintiffs-appellants.
*Mr. Austin T. Klein,* for defendants-appellees.

HURD, J.  This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland.  The cause of action arose from an automobile accident which occurred in the City of Cleveland on January 24, 1958, the facts of which are not germane to this appeal.

The case was tried twice, the first trial resulting in a judgment for the plaintiffs, accompanied by findings of fact and conclusions of law.  Thereafter, a new trial was granted, and on June 28, 1960, after a retrial of the issues, the court again rendered judgment for the plaintiffs.  Henry Cupicha was awarded judgment in the sum of $50.00, and State Automobile Mutual Insurance Company in the sum of $291.04, as prayed for by said plaintiffs; and judgment was rendered for plaintiffs on defendants' cross-petition.  Defendants then seasonably filed a motion for a new trial and for findings of fact and conclusions of law.

The court did not hear arguments on the motion for new trial until October 6, 1960.  At that time, instead of granting or denying the motion for new trial, the court made a nunc pro tunc entry on November 16, 141 days after its judgment of June 28, 1960.  The nunc pro tunc journal entry reads as follows:

"This cause came on for hearing before the Honorable James T. Cassidy, Judge of the Municipal Court of Cleveland, on the 6th day of October, 1960, on the defendants' motion for new trial from a trial and verdict in this cause rendered on the 28th day of June, 1960.

"This Court finds that this cause was heard and submitted on the 28th day of June, 1960; that by mistake this Court rendered judgment for plaintiff HENRY CUPICHA for $50.00 plus his cost, and for the co-plaintiff, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY for $291.04 on the peti-

tion of said co-plaintiffs; and rendered judgment for the plaintiffs on the cross-petition of the defendants, MIKE SEFCHICK, JR., and THE RESERVE INSURANCE COMPANY.

"This Court further finds that said judgments were incorrect; that in fact this Court, upon hearing this cause, on the 28th day of June, 1960, intended to render judgment for the defendant MIKE SEFCHICK, JR., and for co-defendant RESERVE INSURANCE COMPANY, on the plaintiff's petition, and intended to decree that said petition be dismissed at plaintiff's costs, and that on the cross-petition of the defendants, this Court intended to render judgment for defendant MIKE SEFCHICK, JR., for $100.00 plus interest and court costs, and for the co-defendant RESERVE INSURANCE COMPANY for $280.00 plus interest and court costs.

"WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED upon the hearing of the Motion for New Trial that the entry heretofore made granting judgment to the co-plaintiffs and against the co-defendants be and the same is hereby vacated and rendered for naught and this Court does hereby Nunc Pro Tunc enter the proper judgment which is as follows:

" 'Judgment is hereby rendered in favor of defendant MIKE SEFCHICK on plaintiff's petition, that co-plaintiffs' petition be and the same is hereby dismissed at the costs of co-plaintiffs, and judgment is herewith rendered in favor of defendant MIKE SEFCHICK against plaintiff, HENRY CUPICHA in the sum of $100.00 and in favor of co-defendant RESERVE INSURANCE COMPANY in the sum of $280.00 on their cross-petition and for their costs herein. Defendants' Motion for New Trial and for separate findings stricken.' "

From this record it is crystal clear that the trial judge attempted to change his judgment by means of a nunc pro tunc entry and instead of passing upon the motion for new trial ordered it stricken from the record as well as the motion for separate findings of fact and conclusions of law. The single assignment of error is as follows:

"The Trial Court erred in making a nunc pro tunc entry, after term, vacating its judgment for plaintiffs against defendants, and thereby rendering a judgment for defendants against plaintiffs."

The historical background of the function of a nunc pro tunc entry has been and still remains to correct clerical errors made by a clerk in recording the judgments of the court or in correcting other purely clerical errors. It has never been used for the purpose of changing a judgment or judicial decree made by the court when acting in its judicial capacity. The sanctity and stability of judgments is such that they cannot be changed by nunc pro tunc entries except where there is a clerical error in recording the same. A judgment once entered is presumed to be valid. It is a judicial act which cannot be changed except in the manner and form provided by Section 2321.17, Revised Code, wherein several grounds are set forth whereby a new trial may be granted. Nevertheless, there is nothing in the statutes of Ohio which restricts the common law right of a trial judge to set aside a verdict and grant a new trial, if a motion is filed, on any ground which he deems proper in the administration of justice. See 40 Ohio Jurisprudence 2d, page 485, Section 3. As defined by the code, a new trial is a re-examination, in the same court, of the issues after a final order, judgment, or decree of the court. (Section 2321.17, Revised Code.) The entering of a nunc pro tunc entry long after judgment where the trial judge reverses himself and decides the case anew without a retrial deprives the party adversely affected from a substantial right, by reason whereof he is prevented from having a retrial of the issues.

Therefore, the plaintiffs in the instant case were substantially prejudiced by the failure of the court to pass upon the defendants' motion for a new trial and in striking the same from the record, and were further prejudiced by not being able to file timely their motion for conclusions of fact and conclusions of law.

As stated in 10 A. L. R., 588:

"Distinction between clerical and judicial errors in judgments.

"One of two questions which always arise on motions to amend judgments in order to correct mistakes in them by nunc pro tunc amendments is whether the error to be corrected is *clerical rather than judicial*. *Com.* v. *Winstons* (1827), 5 Rand. (Va.), 546.

"* * *

"There is a clear distinction between rendering a judgment and entering one; the former is the judicial act of the court, the latter the ministerial act of the clerk. *Sabine Hardwood Co.* v. *Western Lumber Co.* (1916), 238 Fed., 611; *Stratton* v. *Lockhart* (1890), 1 Ind. App., 380, 27 N. E., 715; *Pursley* v. *Wickle* (1891), 4 Ind. App., 382, 30 N. E., 1115; *Bean* v. *Ayers* (1879), 70 Me., 421; *Coleman* v. *Zapp* (1912), 105 Tex., 491, 151 S. W., 1040; *Knight* v. *Waggoner* (1919),—Tex. Civ. App., 214 S. W., 690.

"The pronouncement of a judgment by the court, from the bench, completes the judicial act, and all that remains to be done is the clerical work of reducing to writing, or entering the judgment. *Comstock* v. *Boyle* (1908), 134 Wis., 613, 126 Am. St. Rep., 1033, 114 N. W., 1110." (Emphasis ours.)

To the same effect is the case of *Helle* v. *Public Utilities Commission of Ohio*, 118 Ohio St., 434, 161 N. E., 282, paragraphs two and three of the syllabus of which provide as follows:

"2. An order or judgment nunc pro tunc presupposes an order or judgment actually rendered at the proper time but not entered upon the journal or other record of a court or other tribunal.

"3. The power to enter a nunc pro tunc order is restricted to placing upon the record evidence of judicial action which has been actually taken, and can be exercised only to supply omissions in the exercise of functions that are clerical merely."

See also, the case of *State* v. *Coleman*, 110 Ohio App., 475, 169 N. E. 2d, 703, the second, third and fourth paragraphs of the syllabus providing:

"2. Judgment may be entered nunc pro tunc upon the correction of an entry of judgment which was not the same as the decision actually made, the conclusion reached by the court, or the judgment actually rendered; that is, it is a remedy where a court has acted and its action has not been properly recorded.

"3. A nunc pro tunc entry of judgment can not correct an error in the judgment itself or alter the conclusion of the court.

"4. The power of the court to enter a judgment nunc pro tunc should be exercised with caution so as not to destroy the

stability of judgments, and then only upon sufficient evidence as shows clearly and convincingly that such former action was in fact taken.''

It is argued by the plaintiffs-appellants that the nunc pro tunc entry made by the court was more than ninety days after judgment and was therefore made after term. Section 1901.29, Revised Code, provides as follows:

"There is no term in municipal court, but for the purpose of computing time, ninety days following judgment shall be considered within term and time thereafter shall be considered after term.''

The parties are not in dispute on this question but it is argued by the appellees that inasmuch as they filed a motion for new trial within ten days after judgment, it was timely filed and thus tolls the running of the ninety-day period. On the other hand, the record is clear that even though the statute is tolled by the filing of a motion for new trial within the ten-day period, it is equally clear from the record that the court did not rule on the motion for new trial but, as heretofore stated, made a nunc pro tunc entry changing its judgment and striking the motion for new trial from the files and rendered an entirely different judgment, to the prejudice of the plaintiffs, without ruling on the motion for new trial or granting to the plaintiffs an opportunity to request conclusions of fact and conclusions of law in their own behalf. This constituted error prejudicial to the rights of the plaintiffs.

For the reasons stated, the judgment of the Municipal Court is reversed for error of law in making a nunc pro tunc entry reversing its judgment and for failing to rule upon the motion for a new trial. Judgment reversed and cause remanded to the Municipal Court with instructions to vacate its nunc pro tunc entry and to rule upon the motion for a new trial.

Exceptions. Order see journal.

KOVACHY, P. J., and SKEEL, J., concur.